STATE OF NORTH CAROLINA v. EDWARD RONALD BEATTY

No. 255A97

(Filed 6 February 1998)

1. **Kidnapping and Felonious Restraint § 18 (NCI4th)— armed robbery—binding of victim's wrists—kicking victim in back—additional restraint supporting kidnapping**

     There was sufficient evidence of restraint of one victim separate and apart from that inherent in an armed robbery of a restaurant to support defendant's conviction of second-degree kidnapping of this victim where the evidence tended to show that the robbers, including defendant, put duct tape around the victim's wrists, forced him to lie on the floor, and kicked him in the back twice. When defendant bound this victim's wrists and kicked him in the back, he increased the victim's helplessness and vulnerability beyond what was necessary for him and his comrades to rob the restaurant, and such actions constituted sufficient additional restraint to satisfy the restraint element of kidnapping under N.C.G.S. § 14-39.

2. **Kidnapping and Felonious Restraint § 18 (NCI4th)— armed robbery—threatened use of firearm—no additional restraint supporting kidnapping**

     There was insufficient evidence of restraint of a second victim separate and apart from that inherent in an armed robbery of

STATE v. BEATTY

[347 N.C. 555 (1998)]

a restaurant to support defendant's conviction of second-degree kidnapping of this victim where the evidence showed only that one of the robbers approached the victim, pointed a gun at him, and stood guarding him during the robbery, the victim did not move during the robbery, and the robbers did not injure him in any way. The only evidence of restraint of this victim was the threatened use of a firearm, which was an inherent, inevitable feature of the robbery and insufficient to support a conviction for kidnapping under N.C.G.S. § 14-39.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 126 N.C. App. 225, 491 S.E.2d 564 (1997), finding no error in a jury trial that resulted in judgments of imprisonment entered on 25 May 1995 by Steelman, J., in Superior Court, Mecklenburg County. Heard in the Supreme Court 17 December 1997.

*Michael F. Easley, Attorney General, by Ellen B. Scouten, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Danielle M. Carman and Daniel R. Pollitt, Assistant Appellate Defenders, for defendant-appellant.*

WHICHARD, Justice.

On 23 May 1994 a Mecklenburg County grand jury indicted defendant Edward Ronald Beatty for robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious injury, felonious breaking and entering, safecracking, first-degree kidnapping, two counts of second-degree kidnapping, and possession of a firearm by a convicted felon. The trial court severed the charge of possession of a firearm by a convicted felon and later dismissed the charge of safecracking. The remaining charges were tried during the 22 May 1995 Mixed Session of Superior Court, Mecklenburg County.

The jury found defendant guilty as charged, except that assault with a deadly weapon with intent to kill was reduced to assault with a deadly weapon inflicting serious injury, and breaking and entering was submitted and found as entering only. The trial court arrested judgment on the conviction for first-degree kidnapping and sentenced defendant to imprisonment of thirty years for the robbery with a dangerous weapon, ten years for felonious assault, ten years

for entering, and fifteen years for each of the second-degree kidnappings, all sentences to be served consecutively.

Defendant appealed to the Court of Appeals asserting, *inter alia*, that his kidnapping convictions should be vacated because there was insufficient evidence of restraint separate and apart from that inherent in the crime of robbery with a dangerous weapon to support those convictions. The Court of Appeals majority disagreed. Judge Wynn dissented in part on the ground that "the restraint in this case was an inherent and inevitable feature of the commission of the armed robbery" and thus could not support a conviction for second-degree kidnapping. Defendant appeals based upon Judge Wynn's dissent. For reasons that follow, we affirm with regard to defendant's conviction for the second-degree kidnapping of victim Koufaloitis, and we reverse with regard to defendant's conviction for the second-degree kidnapping of victim Poulos.

The State's evidence tended to show that on 19 March 1994 defendant met a group of men at a party. They decided to rob South 21, a drive-in restaurant in Charlotte, North Carolina. When they approached the restaurant, the owner, Nicholas Copsis, stood just outside near an open door. The robbers approached this door, put a gun to Copsis' head, and told him to go inside and open the safe.

Once inside, the robbers saw restaurant employees Hristos Poulos and Tom Koufaloitis. Poulos was on his knees washing the floor at the front, and Koufaloitis stood three to four feet from the safe cleaning the floor in the back. One robber put a gun to Poulos' head and stood beside him during the robbery. An unarmed robber put duct tape around Koufaloitis' wrists and told him to lie on the floor.

Copsis did not open the safe on his first attempt. One robber said, "Let's go. We're taking too long. Hurry up." Another shot Copsis twice in the legs. Copsis then opened the safe. The robbers took more than $2,000 and fled. The robbery took approximately three to four minutes.

Defendant contends that his convictions for second-degree kidnapping must be vacated because the State presented insufficient evidence of restraint separate from that inherent in the robbery. He asserts that such evidence is necessary to satisfy the requirements of N.C.G.S. § 14-39, the kidnapping statute, as interpreted by this Court in *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). *See*

*also State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981) (applying *Fulcher* interpretation of N.C.G.S. § 14-39 in the context of a robbery with a dangerous weapon).

N.C.G.S. § 14-39(a) provides in pertinent part that a person is guilty of kidnapping if he or she

> shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . if such confinement, restraint or removal is for the purpose of:
>
> . . . .
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . .

N.C.G.S. § 14-39(a) (1993) (amended 1994). In *Fulcher* this Court recognized that certain felonies, such as robbery with a dangerous weapon, cannot be committed without some restraint of the victim; and it held that "restraint, which is an inherent, inevitable feature of such other felony," could not form the basis of a kidnapping conviction. *Fulcher*, 294 N.C. at 523, 243 S.E.2d at 351. The Court stated that the legislature did not intend N.C.G.S. § 14-39 "to permit the conviction and punishment of the defendant for both crimes." *Id.* The Court further noted that "[t]o hold otherwise would violate the constitutional prohibition against double jeopardy." *Id.*

The State contends that *Fulcher* was based upon a now-outmoded understanding of the Double Jeopardy Clause of the United States Constitution. It argues that under modern double jeopardy analysis, this Court's interpretation and application of N.C.G.S. § 14-39 in *Fulcher* is unnecessary and should be overruled. This Court did not decide *Fulcher* solely on constitutional grounds, however. Rather, it interpreted the kidnapping statute under the "cardinal principle of statutory construction . . . that the intent of the Legislature is controlling," *id.* at 520, 243 S.E.2d at 350, stating:

> We are of the opinion, and so hold, that G.S. 14-39 was *not intended by the Legislature* to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes.

*Id.* at 523, 243 S.E.2d at 351 (emphasis added). The interpretation of a criminal statute by the highest court of the state that enacted it is

generally regarded as an integral part of the statute. *See Gupton v. Builders Transp.*, 320 N.C. 38, 43-44, 357 S.E.2d 674, 678 (1987). This Court's long-standing interpretation in *Fulcher* of legislative intent in the enactment of N.C.G.S. § 14-39 has become an integral part of the kidnapping statute, and it thus remains the appropriate focus for analysis of the kidnapping convictions here.

As noted, under N.C.G.S. § 14-39 as construed and applied in *Fulcher*, a person cannot be convicted of kidnapping when the only evidence of restraint is that "which is an inherent, inevitable feature" of another felony such as armed robbery. *Fulcher*, 294 N.C. at 523, 243 S.E.2d at 351. "The key question . . . is whether the kidnapping charge is supported by evidence from which a jury could reasonably find that the necessary restraint for kidnapping 'exposed [the victim] to greater danger than that inherent in the armed robbery itself.'" *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992) (quoting *Irwin*, 304 N.C. at 103, 282 S.E.2d at 446). Here, the robbers, including defendant, restrained two victims, Koufaloitis and Poulos, and defendant was convicted of one count of second-degree kidnapping for each restraint. We address each in turn.

[1] The evidence of defendant's restraint of victim Koufaloitis supports a finding that the robbers, including defendant, put duct tape around the victim's wrists, forced him to lie on the floor, and kicked him in the back twice. Because the binding and kicking were not inherent, inevitable parts of the robbery, these forms of restraint "exposed [the victim to a] greater danger than that inherent in the armed robbery itself." *Irwin*, 304 N.C. at 103, 282 S.E.2d at 446; *see also Pigott*, 331 N.C. at 210, 415 S.E.2d at 561 (holding that when the defendant bound the victim's hands and feet, he exposed the victim to a greater danger than that inherent in the armed robbery and therefore upholding the defendant's kidnapping conviction); *Fulcher*, 294 N.C. at 524, 243 S.E.2d at 352 (holding that binding of victims' hands was *not* an inherent and inevitable feature of rape and therefore upholding the defendant's kidnapping convictions based upon that restraint). When defendant bound this victim's wrists and kicked him in the back, he increased the victim's helplessness and vulnerability beyond what was necessary to enable him and his comrades to rob the restaurant. *See Pigott*, 331 N.C at 210, 415 N.C. at 561. Such actions constituted sufficient additional restraint to satisfy the restraint element of kidnapping under N.C.G.S. § 14-39, and the Court of Appeals properly found no error in defendant's conviction for the second-degree kidnapping of victim Koufaloitis.

McMILLIAN v. N.C. FARM BUREAU MUT. INS. CO.

[347 N.C. 560 (1998)]

[2] With regard to victim Poulos, the evidence shows only that one of the robbers approached the victim, pointed a gun at him, and stood guarding him during the robbery. The victim did not move during the robbery, and the robbers did not injure him in any way. In order to commit a robbery with a dangerous weapon under N.C.G.S. § 14-87(a), defendant had to possess, use, or threaten to use a firearm while taking personal property from a place of business where persons were in attendance. The only evidence of restraint of this victim was the threatened use of a firearm. This restraint is an essential element of robbery with a dangerous weapon under N.C.G.S. § 14-87, and defendant's use of this restraint exposed the victim to no greater danger than that required to complete the robbery with a dangerous weapon. We thus hold that threatening victim Poulos with a gun was an inherent, inevitable feature of the robbery and is insufficient to support a conviction for kidnapping under N.C.G.S. § 14-39. The Court of Appeals therefore erred in finding no error in defendant's conviction for the second-degree kidnapping of victim Poulos.

For the reasons stated, we affirm the Court of Appeals with regard to defendant's conviction for the second-degree kidnapping of victim Koufaloitis, and we reverse the Court of Appeals with regard to defendant's conviction for the second-degree kidnapping of victim Poulos. We remand the case to the Court of Appeals for further remand to the Superior Court, Mecklenburg County, for entry of an order arresting judgment on defendant's conviction for the second-degree kidnapping of victim Poulos.

AFFIRMED IN PART, REVERSED IN PART.