STATE OF NORTH CAROLINA v. KUWSH ABDULLAH MUHAMMAD

No. COA00-1070

(Filed 18 September 2001)

**Constitutional Law— double jeopardy—robbery and kidnapping—victim's greater danger**

The trial court did not err in a prosecution for common law robbery and second-degree kidnapping by denying defendant's motion to vacate the second-degree kidnapping conviction on the

**STATE v. MUHAMMAD**

[146 N.C. App. 292 (2001)]

ground of double jeopardy where defendant placed the victim in a choke hold, hit him in the side three times, wrestled with him on the floor, grabbed him around the throat, and marched him to the front of the store with a gun to his head. Defendant did substantially more than force the victim to walk from one part of the restaurant to another and there was sufficient evidence of restraint and removal separate and apart from that which is inherent in common law robbery.

Appeal by defendant from judgment entered 18 April 2000 by Judge David Q. LaBarre in Orange County Superior Court. Heard in the Court of Appeals 20 August 2001.

*Michael F. Easley, Attorney General, by Jill B. Hickey, Assistant Attorney General, for the State.*

*James E. Williams, Jr., Public Defender, by LaFonda R. Jones, Assistant Public Defender, for defendant-appellant.*

THOMAS, Judge.

Defendant, Kuwsh Abdullah Muhammad, was found guilty in a jury trial of common law robbery and second-degree kidnapping. He appeals the kidnapping conviction, arguing that it violates the prohibition against double jeopardy guaranteed by the Fifth Amendment to the United States Constitution and should have been vacated by the trial court.

We disagree and find no error.

The state's evidence tended to show the following: Defendant entered a Pizza Hut in Hillsborough, North Carolina, through a back door on 11 February 1999. Jeremiah Cash, an employee, was in the rear of the building washing dishes. Defendant approached Cash from behind, put an arm around Cash's throat, and hit him three times in the side. The two men wrestled and fell to the floor where the struggle continued until defendant pointed what appeared to be a gun at Cash's head and told him to get up.

Cash complied. When Cash stood back up, however, defendant again grabbed him around the neck. Defendant, pointing the gun at Cash's head, forced Cash to walk to the front of the restaurant where restaurant manager Fred McQuaig was standing. Upon seeing the two men, McQuaig said repeatedly, "Please don't hurt him." McQuaig then took money from the safe and cash register and handed it to defend-

ant. After getting the money, defendant released Cash and ran out the back door.

Law enforcement officials later determined that the gun used by defendant was a cap gun.

Defendant presented no evidence at his trial during the 18 April 2000 session of Orange County Superior Court, and was convicted of both second-degree kidnapping and common law robbery. He moved for the kidnapping conviction to be vacated based on double jeopardy grounds. The trial court denied the motion and sentenced defendant to consecutive terms in the North Carolina Department of Corrections of twenty-nine to forty-four months for second-degree kidnapping and fifteen to eighteen months for common law robbery.

By defendant's only assignment of error, he argues that the trial court erred in not vacating the second-degree kidnapping conviction because there was insufficient evidence of restraint and removal separate and apart from that which is inherent in common law robbery. Therefore, he contends, the kidnapping conviction violates the double jeopardy guarantees of the Fifth Amendment. We disagree.

N.C. Gen. Stat. § 14-39(a) (1999) provides in pertinent part that a person is guilty of kidnapping if he:

> shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . if such confinement, restraint or removal is for the purpose of:
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony. . . .

Common law robbery is the taking of personal property of another by violence or placing the person in fear. *See* N.C. Gen. Stat. § 14-87.1.

The Double Jeopardy Clause, found in the Fifth Amendment and enforceable against the states through the Fourteenth Amendment, ensures against a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. BLACK'S LAW DICTIONARY 491 (6th ed. 1990).

Our Supreme Court in *State v. Fulcher* held that the General Assembly did not intend the element of restraint inherent in some

felonies to also constitute kidnapping. *Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). "It is self-evident that some crimes (*e.g.*, forcible rape, armed robbery) cannot be committed without some restraint of the victim." *Id.* The *Fulcher* Court further stated that to hold otherwise would violate the constitutional prohibition against double jeopardy. *See id.*

However, the Court also observed that it is well-established that two or more criminal offenses may arise from the same course of action. *Id.* at 523, 243 S.E.2d at 351. Thus, a conviction for kidnapping does not violate the constitutional prohibition against double jeopardy where the restraint is used to facilitate the commission of another felony, provided the restraint is a separate, complete act, independent of and apart from the other felony. *Id.* at 524, 243 S.E.2d at 352.

Cases since *Fulcher* have held that the key question is whether the kidnapping charge is supported by evidence from which a jury could reasonably find that the necessary restraint for kidnapping exposed the victim to greater danger than that inherent in the underlying felony itself. *See State v. Beatty*, 347 N.C. 555, 559, 495 S.E.2d 367, 369 (1998). Evidence that a defendant increased the victim's helplessness and vulnerability beyond what was necessary to enable the robbery or rape is sufficient to support a kidnapping charge. *Id.*

Defendant here contends the kidnapping conviction is improper because Cash was not exposed to greater danger than that which was necessary to commit the robbery, and cites *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981), as support for his position. In *Irwin*, the Court held that there was no separate kidnapping offense because forcing the armed robbery victim to walk a short distance to or away from a cash register did not subject the victim to the kind of danger and abuse our kidnapping statute was designed to prevent. The Court found that the removal of the victim was a mere technical asportation inherent in the offense of robbery. *See id.* at 103, 282 S.E.2d at 446.

The evidence in *Irwin*, however, was only that the defendant forced an employee at knife point to walk to the back of the store in order to obtain money and prescription drugs. Defendant in the present case did not simply hold Cash at gun point and force him to walk to the cash register. Defendant placed Cash in a choke hold, hit

him in the side three times, wrestled with Cash on the floor, grabbed Cash again around the throat, pointed a gun at his head and marched him to the front of the store. Taken together, these actions constituted restraint beyond what was necessary for the commission of common law robbery. *See Beatty*, 347 N.C. 555, 495 S.E.2d 367 (holding that there was no kidnapping where the victim was forced to go inside the restaurant and held at gunpoint during the robbery but was not harmed or otherwise moved; but that there was a kidnapping where a second victim was forced to lie on the floor with his wrists and mouth bound with duct tape and then kicked twice in the back); *State v. Pigott*, 331 N.C. 199, 415 S.E.2d 555 (1992) (sustaining the kidnapping conviction where the defendant bound the victim's hands and feet); and *Fulcher*, 294 N.C. 503, 243 S.E.2d 338 (upholding the kidnapping conviction where the defendant bound both rape victims' hands).

We distinguish *State v. Featherson*, 145 N.C. App. 134, 548 S.E.2d 828 (Jul. 17, 2001) (No. COA00-471), which held that there was no kidnapping where the robbers bound the victim, who was already in the same room as them, loosely with duct tape to the defendant, "in such a manner as to allow them to escape quickly." *Id.* at 139, 548 S.E.2d at 832.

In the instant case, defendant did substantially more than just force Cash to walk from one part of the restaurant to another. Accordingly, we hold that there was sufficient evidence of restraint and removal separate and apart from that which is inherent in common law robbery. The trial court did not err in denying defendant's motion to vacate the conviction of second-degree kidnapping.

NO ERROR.

Judges EAGLES and TIMMONS-GOODSON concur.