LEVINSON, Judge.
Defendant (James Haywood Lowery) appeals from conviction and judgment for second degree kidnapping and common law robbery. We hold that defendant received a fair trial, free of prejudicial error.
The evidence presented at trial tended to show the following: In the early morning hours of 3 August 2003, defendant entered the apartment of Dorothea Crosby, his former girlfriend. Defendant hid Crosby's telephones so that she could not call the police, seized a butcher knife from her kitchen, and kicked in her locked bedroom door. The defendant jumped on her as she sat up in bed, put the knife to her throat, and demanded money to pay a taxi cab fare. Defendant flashed the knife in her face, hit her with the knife and threatened to kill her and "mess" her up. Because Crosby said she had no money, defendant demanded she write a check to the cab driver for the fare. At knife point, Crosby first drafted a check to the taxi cab company and then another to the taxi driver himself after the first was unacceptable to the driver. Crosby wrote the checks because she was afraid defendant would hurt her with the knife.
At some point during this incident, Crosby was able to escape from the apartment but the defendant caught her and brought her back. The defendant stayed with Crosby for three days, finally leaving on Wednesday, 6 August 2003.
There was conflicting evidence presented at trial as to when Crosby was able to escape. According to Crosby, she was only able to escape from the apartment after she had complied with defendant's demands and written both checks. According to Crosby, as she fled, defendant chased her, grabbed her by the neck, threw her to the ground and dragged her back into the apartment by the neck.
According to defendant, Crosby escaped from the apartment before she had written the checks. In defendant's statement to the police, defendant admitted he chased Crosby as she ran, caught her and forcibly dragged her back into the apartment. However, in his testimony in court, defendant testified that, when he heard Crosby running away, he merely followed her, helped her up when she fell down, and accompanied her back into the apartment.
The State presented evidence from Crosby and from Officer Steven Davis. Officer Davis's testimony included testimony as to the statements he had taken from both Crosby and defendant.
The defense presented evidence in the form of testimony from defendant and from his boss Rayburn Woodyard. Woodyard testified he had seen both the defendant and Crosby together the next day, Monday, 4 August 2003. He had noticed nothing wrong. Woodyard gave defendant $20.00 for gas money.
The jury convicted defendant of common law robbery and second degree kidnapping. The trial court imposed consecutive sentences of thirteen to sixteen months for the robbery and twenty-seven to forty-two months for the kidnapping. From these convictions and judgments, defendant now appeals.
In his first and second arguments on appeal, defendant argues that the trial court erred in denying his motions to dismiss both the common law robbery and the second degree kidnapping charges. We conclude that (1) the defendant has not preserved his argument as to the denial of the motion to dismiss the common law robbery charge, and (2) the trial court did not err in denying the motion to dismiss the second degree kidnapping charge.
"[I]f a defendant fails to move to dismiss . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged." N.C.R. App. P. 10(b)(3); State v. Spaugh, 321 N.C. 550, 552, 364 S.E.2d 368, 370 (1988) (holding that where counsel for the defendant failed to renew his motion to dismiss at the close of all the evidence, he was precluded from attacking the sufficiency of the evidence on appeal).
In the present case, defendant made a motion to dismiss both charges at the close of the State's evidence. At the close of all the evidence, defense counsel made the following statement:
Your Honor, I would ask you, on the second degree kidnapping, to dismiss that. As to the common-law robbery, you've heard both sides, Your Honor. It's really an issue of credibility for the jury to determine whether or not they believe that the common-law robbery took place.
Although defendant renewed his motion to dismiss the second degree kidnapping, he did not do so with respect to the common law robbery charge. Rather, defense counsel conceded that the common law robbery charge should be submitted to the jury. As such, the ruling on the motion to dismiss the common law robbery has not been preserved for appellate review.
With respect to the second degree kidnapping charge, defendant specifically contends that the trial court erred by not dismissing the charge because any confinement or restraint of Crosby by the defendant was an integral part of the alleged common law robbery rather than a separate, independent act as required by law. Defendant further contends that any subsequent assaults to or restraints of Crosby by the defendant happened after the alleged common law robbery had occurred. We do not agree.
When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002). "In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." Id. (citation omitted). "The trial court must also resolve any contradictions in the evidence in the State's favor." Id. (citation omitted). "The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." Id. (citation omitted). "[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." State v. Wright, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981).
The offense of second degree kidnapping is defined in pertinent part as follows:
Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony. . . .
N.C.G.S § 14-39(a)(2) (2003). "[A] conviction for kidnapping does not violate . . . double jeopardy where . . . the restraint is a separate, complete act, independent of and apart from the other felony." State v. Muhammad, 146 N.C. App. 292, 295, 552 S.E.2d 236, 237 (2001).
In the instant case, the evidence taken in the light most favorable to the State supports a jury finding that defendant entered Crosby's apartment, hid her telephones to prevent her from calling the police, seized a butcher knife, kicked in her bedroom door, flashed the knife around her face, hit her with the knife and, while holding it to her throat, threatened to kill her and "mess" her up. In addition, the defendant admitted in his statement to the police that he ran after Crosby and forcibly dragged her back into the residence before she had written either the check to the taxi cab company or the check to the taxi driver. Crosby also told the police that, when the defendant caught up to her outside on the walkway, he grabbed her by the neck, threw her to the ground, and dragged her back up the stairs into the residence by the neck. Crosby testified she wrote the check against her will.
From this evidence, the jury could permissibly find that defendant kidnapped Crosby for the purpose of committing the felony of common law robbery. In addition, there was substantial evidence of restraint and removal, separate and apart from the common law robbery. Defendant restrained and removed Crosby from one place to another as he chased her down outside the apartment and dragged her back indoors. Accordingly, the trial court did not err in denying the defendant's motion to dismiss the charge of second degree kidnapping. The corresponding assignments of error are overruled.
In his third argument on appeal, defendant contends that the trial court erred in failing to give defendant's requested instruction concerning the specific intent necessary to support a common law robbery conviction. Defendant requested that the court instruct the jury that "the taking of property must be with a specific intent on the part of the taker to deprive the owner of this property permanently." The court instead chose to use the language of N.C.P.I.-Crim. 217.10 and instructed the jury that it must find that defendant "intended to deprive [the victim] of [her property]'s use permanently" to convict him of common law robbery. The gravamen of defendant's argument on appeal is that the trial court erred by not using the phrase "specific intent" instead of merely the word "intent." This argument lacks merit.
We observe that defendant has abandoned this assertion by failing to cite any authority for it in his brief to this Court. See N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). However, even assuming arguendo that defendant's argument is properly before us, it is elementary that "[a] trial court is not required to give a requested instruction in the exact language of the request." State v. Monk, 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976). Rather, "when the request is correct in law and supported by the evidence in the case, the court must give the [requested]instruction in substance." Id. (emphasis added). In the instant case, we are unpersuaded that the trial court erred by giving the intent instruction contained in N.C.P.I.-Crim. 217.10 without making the changes proffered by defendant. This assignment of error is overruled.
In his fourth argument on appeal, defendant contends that the trial court erred by allowing Crosby to testify that defendant had previously stolen her car and had been referred by the court to anger management classes. Specifically, defendant contends that this evidence was erroneously admitted as character evidence in violation of N.C.G.S. § 8C-1, Rule 404(b). While defendant objected to the first introduction of this evidence, the same evidence was admitted several more times during the trial without objection. Consequently, defendant has waived his challenge to this evidence. See State v. Covington, 315 N.C. 352, 359, 338 S.E.2d 310, 314 (1986) ("Where evidence is admitted without objection, the benefit of a prior objection to the same evidence is lost and the defendant is deemed to have waived his right to assign as error the prior admission of the evidence."). This assignment of error is overruled.
No error.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).