STATE OF NORTH CAROLINA
v.
DUSTIN CARROL THREATTE, Defendant.
No. COA09-310.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.
Bryan Gates, for defendant-appellant.
STROUD, Judge.
Dustin Carrol Threatte ("defendant") appeals from judgments entered upon his convictions for second-degree kidnapping, common law robbery, and habitual misdemeanor assault. His sole issue on appeal is that the trial court erred in denying his motion to dismiss the kidnapping charge, alleging that the evidence was insufficient to show restraint beyond that inherent in the robbery and assault. We find no error.
On 25 June 2007, a grand jury indicted defendant on charges of common law robbery, second-degree kidnapping, and habitual misdemeanor assault. The trial was held on 25, 26, and 27 August-22-008. The evidence presented at trial tended to show that on 17 November 2006, Jonathan James ("James") was employed as a pizza delivery driver. He went to an apartment building to deliver pizzas when he discovered that the apartment he thought the delivery was for was actually vacant. Joshua Bass, an occupant of a nearby apartment, came out and informed James that he was in the wrong building. As James proceeded out of the hallway, defendant placed his hand on James' shoulder and told him he was not going anywhere. Defendant began to punch James with his bare fists. James dropped the pizzas he was carrying and fell to the ground. Defendant grabbed James and threw him against a wall, and hit James about ten to fifteen times. Bass observed the attack from the doorway of his apartment and told defendant to stop. The attack lasted for approximately two minutes.
Next, defendant ordered James to "get into" the nearby apartment. When James refused, defendant "grabbed" him by the shirt and "threw" him into the apartment. Once inside, defendant threw James against a wall and punched him and kicked him. This second attack inside the apartment lasted for approximately three minutes. Defendant then demanded money from James, who immediately handed over the store bag with the delivery money in it. James estimated the bag contained about one hundred and seventy-five dollars. Defendant stopped the assault after receiving the money. After defendant left the apartment, James called his employer and asked them to call the police. After speaking to the police, James received medical attention for his injuries, which consisted of several bruises, a fractured nose, and a few small cuts. Defendant did not present any evidence at trial.
At the close of the evidence, defendant admitted guilt to prior assault convictions for purposes of the habitual assault charge. Defendant moved to dismiss the charges for want of sufficient evidence that defendant was the perpetrator of these crimes. Defendant also argued there was insufficient evidence of restraint or confinement to support the kidnapping charge. The trial court denied the motions.
On 27 August 2008, the jury returned verdicts of guilty of common law robbery, second degree kidnapping, and assault inflicting physical injury. The trial court sentenced defendant to three consecutive active prison terms of 20 months minimum to 39 months maximum (second-degree kidnapping), 15 months minimum to 18 months maximum (common law robbery), and 8 months minimum to 10 months maximum (habitual misdemeanor assault). From the judgments entered, defendant appeals.
By his sole argument on appeal, defendant contends that the trial court erred when it denied his motion to dismiss the second-degree kidnapping charge. According to defendant, there was insufficient evidence of restraint to allow the case to be sent to the jury on that charge. We disagree.
"In ruling on a defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator." State v. Boyd, 177 N.C. App. 165, 175, 628 S.E.2d 796, 804 (2006) (citation and quotation marks omitted).
The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.
State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) (citations omitted).
N.C. Gen. Stat. § 14-39(a) provides in pertinent part that a person is guilty of kidnapping if he:
shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person . . . if such confinement, restraint or removal is for the purpose of:
. . . .
(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person[.]
N.C. Gen. Stat. § 14-39 (2007). It follows that the offense of kidnapping may be established by proving an unlawful, nonconsensual "restraint" or "removal" of a person for the purpose of facilitating the commission of a felony. See State v. Smith, 160 N.C. App. 107, 121, 584 S.E.2d 830, 839 (2003) (citing State v. Fulcher, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978)).
The term `restrain,' while broad enough to include a restriction upon freedom of movement by confinement, connotes also such a restriction, by force, threat or fraud, without a confinement. Thus, one who is physically seized and held, . . ., is restricted in his freedom of motion, is restrained within the meaning of this statute.
Id. (emphasis omitted).
In order to avoid interpreting section 14-39 such that it might have violated the constitutional protection against double jeopardy, our Supreme Court held that the restraint required to convict someone of kidnapping must be "separate and apart from that which is inherent in the commission" of the felony the restraint facilitates. Fulcher, 294 N.C. at 523, 243 S.E.2d at 351. The "key question" is whether the restraint for kidnapping "exposed [the victim] to greater danger than that inherent in the [felony it facilitates]. . . ." State v. Pigott, 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992) (defendant, armed with a gun, exposed the victim to greater danger than that inherent in armed robbery when he bound his victim's hands before robbing him); see also State v. Muhammad, 146 N.C. App. 292, 552 S.E.2d 236 (2001) (victim exposed to greater danger than that inherent in armed robbery where defendant placed the victim in a choke hold, hit him in the side three times, wrestled with the victim on the floor, grabbed him around the throat, pointed a gun at his head, and marched victim to the front of the pizza shop).
The evidence in the present case indicates that defendant used force to prevent the victim from leaving the apartment building where he had gone to deliver pizza. Defendant first attacked the victim in the public hallway for two minutes and forcibly moved the victim inside an apartment from the hallway. Once inside the apartment, defendant again attacked the victim for approximately three minutes. The extent and length of the attacks, along with the forceful removal, evidence restraint and removal "separate and apart from that which is inherent" in the commission of common law robbery. Fulcher, 294 N.C. at 523, 243 S.E.2d at 351. We therefore find that the evidence was sufficient to send the case to the jury. Accordingly, the trial court did not err in denying defendant's motion to dismiss, and this assignment of error is overruled.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).