HUNTER, JR., Robert N., Judge.
Marlo Tyshun Hunt ("Defendant") appeals from judgments entered upon his convictions for two counts of second degree kidnapping and one count of robbery with a dangerous weapon. Defendant argues the trial court erred in denying his motion to dismiss both kidnapping charges for insufficiency of the evidence. We hold Defendant fails to show error.
I. Factual and Procedural Background
On 8 September 2015, a Cleveland County Grand Jury indicted Defendant for two counts of robbery with a dangerous weapon and two counts of kidnapping. On 13 February 2017, the trial court called Defendant's case for trial. The State's evidence tended to show the following.
On 26 April 2015, Jacob Davidson and Jonathan Strange were together at Strange's home in Shelby, North Carolina and playing video games. Strange received a phone call from a friend, Zach Ford, who wanted to stop by Strange's home. About thirty minutes later, at approximately 2:00 p.m., Ford arrived, and Strange answered the door. Two men accompanied Ford, one of whom was Defendant. Strange did not know Defendant and did not know he would be with Ford. Defendant immediately put a gun to Strange's chest and pushed him back into the house. The two men with Ford tied up both Strange and Davidson, took Davidson's wallet, and "ransacked" the house. Strange testified the men stole a non-working, 1963 Sears shotgun; two computer tablets; a Playstation 4; and approximately $300-400 in cash. After approximately twenty-five minutes, Defendant instructed Strange and Davidson to count to one hundred, and the three visitors left in Ford's car.
The jury found Defendant guilty of both counts of second degree kidnapping and one count of robbery with a dangerous weapon. The trial court sentenced Defendant to two consecutive terms of 23 to 40 months of imprisonment for the two kidnapping convictions, and a concurrent term of 72 to 99 months of imprisonment for the robbery conviction. Defendant entered timely notice of appeal.
II. Standard of Review
We review the trial court's denial of Defendant's motion to dismiss de novo . State v. Hernandez , 170 N.C. App. 299, 304, 612 S.E.2d 420, 423-24 (2005) (citation omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citations omitted). "[T]he ... conclusions of law must be legally correct, reflecting a correct application of applicable legal principles to the facts found." State v. Fernandez , 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997) (citation omitted). "In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essential element of the offense and substantial evidence that the defendant was the perpetrator of the offense." State v. Smith , 307 N.C. 516, 518, 299 S.E.2d 431, 434 (1983) (citation omitted). The evidence must be examined in the light most favorable to the State. Id. at 520, 299 S.E.2d at 434-35 (citation omitted).
III. Analysis
Defendant argues the trial court erred by denying his motion to dismiss the kidnapping charges for insufficiency of the evidence. We disagree.
Kidnapping is defined as: (1) confining, restraining, or removing from one place to another; (2) any person sixteen years or older; (3) without such person's consent; (4) if such act was for the purposes of facilitating the commission of a felony. N.C. Gen. Stat. § 14-39(a)(2) (2015). "If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree[.]" N.C. Gen. Stat. § 14-39(b). However, "a person cannot be convicted of kidnapping when the only evidence of restraint is that 'which is an inherent, inevitable feature' of another felony[.]" State v. Ripley , 360 N.C. 333, 338, 626 S.E.2d 289, 292 (2006) (citation omitted). "[T]he key question is whether the kidnapping charge is supported by evidence from which a jury could reasonably find that the necessary restraint for kidnapping exposed the victim to greater danger than that inherent in the underlying felony itself." State v. Muhammad , 146 N.C. App. 292, 295, 552 S.E.2d 236, 237 (2001) (citation omitted). The Court also considers whether Defendant's acts "cause additional restraint of the victim or increase the victim's helplessness and vulnerability." State v. Smith , 359 N.C. 199, 213, 607 S.E.2d 607, 618 (citation omitted), cert. denied , 546 U.S. 850, 163 L.Ed.2d 121 (2005).
Defendant contends the State failed to prove the restraint in this case was a separate and complete act apart from that inherent in the commission of the offense of robbery with a dangerous weapon. However, here, the restraint necessary and inherent to the armed robbery of Davidson and Strange was met when Defendant threatened Davidson and Strange with a firearm. Defendant went beyond this restraint when both men had their hands tied behind their backs and when Strange had his hands tied with something similar to thin-gauge speaker wire, while Davidson was restrained with a "soft fabric" material, such as a sock. Strange testified that his bindings were "so tight that it cut the circulation off in my hand." These steps increased both Davidson's and Strange's "helplessness and vulnerability[.]" Smith , 359 N.C. at 213, 607 S.E.2d at 618.
Davidson additionally testified he was forced to lie face down on the floor, and had a gun pressed to the back of his head. Strange testified that Defendant "popped" him in the head with a pistol more than once. Furthermore, Strange testified Defendant bullied Davidson, and told Strange within earshot of Davidson: "You might not care about your life, but how do [you] feel about your homeboy's brains being blowed [sic] out in front of you?" Lastly, Strange stated when the three men left his house, Defendant instructed him to "count to 100, that he wanted to hear us count, and that if he seen anyone's face come out of the door or if he seen anyone in the window or anything, he was gonna fill the whole house up with holes." These actions and threats exposed Strange and Davidson to "greater danger than that inherent in the armed robbery itself [,]" and exceeded the level of force necessary to complete the robbery. State v. Pigott , 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992) (quotation marks and citation omitted); see also State v. Beatty, 347 N.C. 555, 559, 495 S.E.2d 367, 370 (1998) (no error in defendant's conviction for second-degree kidnapping where defendant put duct tape around the victim's wrists, forced him to lie on the floor, and kicked him in the back twice; binding and kicking " not inherent, inevitable parts of the robbery"); State v. Bruce, 268 N.C. 174, 182, 150 S.E.2d 216, 223 (1966) (offense of kidnapping frequently committed by threats and intimidation, and "appeals to the fears of the victim which are sufficient to put an ordinarily prudent person in fear for his life or personal safety ..."). Consequently, we conclude the trial court properly denied Defendant's motion to dismiss. Accordingly, we find no error.
IV. Conclusion
For the reasons stated above, we hold the trial court properly denied Defendant's motion to dismiss.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.