Justice MORGAN dissenting.
I respectfully dissent from my learned colleagues in the majority who have determined that there was sufficient evidence of restraint beyond that which was inherent in defendant's commission of the first-degree sex offense to support the second-degree kidnapping conviction. In my view, the Court of Appeals was correct in its determination that the trial court erred in denying defendant's motion to dismiss the charge of second-degree kidnapping because the victim was not subjected to any restriction upon his freedom of movement that was separate and apart from the restraint which was an element of the first-degree sex offense. Accordingly, I *155 would affirm the opinion of the majority of the Court of Appeals in this matter.
I agree with the majority's starting premise that in order to obtain a conviction for second-degree kidnapping, the State must prove that a defendant (1) confined, restrained, or removed from one place to another any other person (2) unlawfully, (3) without consent and (4) for one of the statutory purposes enumerated elsewhere in N.C.G.S. § 14-39, including the provisions in N.C.G.S. § 14-39(a)(2) that the "confinement, restraint or removal is for the purpose of ... [f]acilitating the commission of any felony or facilitating flight of any person following the commission of a felony," and in N.C.G.S. § 14-39(a)(3) that the "confinement, restraint or removal is for the purpose of ... [d]oing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person." N.C.G.S. § 14-39(a) (2017).
The crime of first-degree sex offense, as it was codified in N.C.G.S. § 14-27.4 at the time that defendant committed the criminal act,[1] was described in the statute as follows:
(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:
**643 (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim; or
(2) With another person by force and against the will of the other person, and:
a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or
b. Inflicts serious personal injury upon the victim or another person; or
c. The person commits the offense aided and abetted by one or more other persons.
(b) Any person who commits an offense defined in this section is guilty of a Class B1 felony.
N.C.G.S. § 14-27.4 (2013).
The majority expressly acknowledges that the Court of Appeals referenced this Court's guidance rendered in State v. Ripley , 360 N.C. 333, 626 S.E.2d 289 (2006), regarding the criminal offense of kidnapping and the proper recognition of its elements as relates to other criminal offenses that may be committed during the same transaction of events in which an act of kidnapping occurs. As quoted by the appellate court majority below, we said in Ripley :
It is self-evident that certain felonies (e.g. , forcible rape and armed robbery) cannot be committed without some restraint of the victim. We are of the opinion, and so hold, that G.S. 14-39 was not intended by the Legislature to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes. ... [W]e construe the word "restrain," as used in G.S. 14-39, to connote a restraint separate and apart from that which is inherent in the commission of the other felony.
Id. at 337, 626 S.E.2d at 292 (italics and alterations in original) (quoting State v. Fulcher , 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978) ).
Our analysis in Ripley of this area of substantive criminal law governing the commission of multiple criminal offenses continued as follows:
**644 Additionally, this Court noted that more than one criminal offense can grow out of the same criminal transaction, but specifically held "the restraint, which constitutes the kidnapping, [must be] a separate, complete act, independent of and apart from the other felony." [ Fulcher, 294 N.C.] at 524, 243 S.E.2d at 352 ; see also State v. Beatty , 347 N.C. 555, 559, 495 S.E.2d 367, 369 (1998) (noting "a person cannot be convicted of kidnapping when the only evidence *156 of restraint is that 'which is an inherent, inevitable feature' of another felony such as armed robbery"[ ] (quoting Fulcher , 294 N.C. at 523, 243 S.E.2d at 351 )[ ) ].
Id. at 337-338, 626 S.E.2d at 292 (first alteration in original).
In the present case, it is clear that there is sufficient evidence in the trial record to support the jury's verdict that defendant is guilty of first-degree sex offense. In perpetrating this offense, defendant satisfied its elements by engaging in a sexual act with the victim by force and against the victim's will. Lifting the salient facts from the majority opinion on this point, defendant punched the victim in the face, knocking him sideways onto the bed. Defendant then got on the bed and on top of the victim, with defendant again using his fist to strike the victim in the face. After a blow from defendant caused the victim to roll over onto his stomach, defendant then stunned the victim with a punch to the back of the head, followed by defendant pulling down the victim's pants and anally penetrating the victim with his penis three times.
Though not a statutory element of the criminal offense of first-degree sex offense, restraint is the means by which defendant effectuated the crime by implementing the force that subverted the will of the victim. The criminal offense of second-degree kidnapping expressly includes restraint as one of the crime's elements delineated in N.C.G.S. § 14-39. Unfortunately, the majority is so occupied with the need to emphasize that a second-degree kidnapping can occur in conjunction with a first-degree sex offense-because restraint is required in the kidnapping offense but not inherent in the first-degree sex offense-that the majority fails to realize, under the unique facts and circumstances of the case at bar, that the restraint utilized to constitute the force and subvert the will of the victim is the same restraint employed in the full transaction of events that also yielded the miscalculated finding of second-degree kidnapping.
In addition, the majority improperly relied on State v. Pigott , 331 N.C. 199, 415 S.E.2d 555 (1992). The majority evaluated the actions of the defendant in Pigott in visiting the home of his employer, unsuccessfully **645 asking the employer for a loan, leaving the employer's home but returning with a gun, forcing the employer to lie on the floor, binding the employer's hands, ransacking the premises for money, subsequently binding the employer's feet to the employer's hands, shooting the employer in the head, looking around for more money, and then subsequently setting the employer's premises on fire. Id. at 202, 415 S.E.2d at 557. On appeal of the defendant's first-degree murder conviction to this Court, he unsuccessfully argued that it was error for the trial court to fail to dismiss the charge of first-degree kidnapping. Id. at 210, 415 S.E.2d at 561.
We held in Pigott , in the context of the armed robbery charge which the defendant also faced, that
all the restraint necessary and inherent to the armed robbery was exercised by threatening the victim with the gun. When defendant bound the victim's hands and feet, he "exposed [the victim to a] greater danger than that inherent in the armed robbery itself." This action, which had the effect of increasing the victim's helplessness and vulnerability beyond the threat that first enabled defendant to search the premises for money, constituted such additional restraint as to satisfy that element of the kidnapping crime.
Id. at 210, 415 S.E.2d at 561 (alteration in original) (quoting State v. Irwin , 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981) ). Based upon this analysis, this Court affirmed the defendant Pigott's first-degree kidnapping conviction.
In the instant case the majority adapts the factual circumstances of Pigott to justify its determination that separate and distinct acts of defendant here constituted "additional restraint": defendant's act of grabbing the victim by the ankles and yanking the victim off of the bed, which in turn caused the victim's head to hit the floor after the sex offense, and defendant's act of summoning his companion to join in kicking and stomping the victim's body. In stating that these actions of defendant amounted to an "additional restraint"
*157 which "exposed [Mark][2] to greater danger than that inherent in the [sex offense] itself," the majority concludes that this activity constituted "a restraint separate and apart from that which was inherent to the commission of the sex offense."
**646 In attempting to align the case sub judice with Pigott , the majority buttresses the point of my dissenting view. There was a separate restraint of the victim employer in Pigott that went beyond the restraint inherent in the armed robbery offense itself so as to constitute the defendant's commission of first-degree kidnapping, in that the defendant intermittently perpetrated increasingly heightened levels of restrictions on the victim's freedom of movement while committing the armed robbery offense, namely: forcing the victim to lie on the floor after returning to the premises with a gun, looking for money after binding the victim's hands, continuing to look around for more money after binding the victim's feet to his hands and shooting the victim in the head as the victim continued to apparently survive this ordeal until the defendant ignited the fire that burned portions of the premises and generated deadly carbon monoxide fumes. Id . at 202, 415 S.E.2d at 560. On the other hand, there was no additional restraint which was employed by defendant to commit the first-degree sex offense because the requisite restraint was inherent in the perpetration of the crime. To the extent that the majority considers defendant's violence against the victim after the completion of the sex offense to constitute an "additional restraint" to justify second-degree kidnapping as a separate offense, such a strained view has no validity for four reasons: (1) N.C.G.S. § 14-39(a)(2) is not applicable, because the felony of first-degree sex offense was already completed such that the commission of second-degree kidnapping after the perpetration of the sex offense could not have facilitated the sex offense; (2) N.C.G.S. § 14-39(a)(2) also does not apply because the additional "restraint" was not for the purpose of "facilitating [defendant's] flight ... following [his] commission of" the first-degree sex offense; rather, the evidence in the trial record shows that the victim ran out of the residence shortly after the two men stopped kicking him; (3) N.C.G.S. § 14-39(a)(3) likewise is not applicable, because the trial record does not afford this Court an opportunity to determine, on appellate review, at what points in time the victim's successive injuries occurred and when the terror that resulted in his emotional injuries were inflicted; and (4) at trial, the jury found defendant guilty as charged of misdemeanor assault inflicting serious injury which, coupled with the first-degree sex offense indictment and conviction appropriately identified all offenses for which defendant could be charged and convicted as a result of any injuries suffered by the victim during the entire transaction of events, and the trial court arrested judgment on the misdemeanor assault conviction.
As we opined in Ripley and its predecessor cases, use of the word "restrain" in N.C.G.S. § 14-39 means that the criminal restriction of one's freedom of movement must be separate and apart from the restraint **647 that is inherent in the commission of another felony. Under the facts and circumstances of this case, the restraint that was inherent in defendant's commission of the first-degree sex offense did not extend beyond the crime's parameters so as to support the jury's guilty verdict of second-degree kidnapping. Therefore, I would affirm the decision of the Court of Appeals.
Justice BEASLEY joins in this dissenting opinion.

N.C.G.S. § 14-39(b) (2017) (classifying second-degree kidnapping as a Class E felony).

Compare N.C.G.S. § 14-33(a) (2017) (classifying simple assault as a Class 2 misdemeanor) with id. § 14-33(c) (2017) (classifying various forms of aggravated assaults, including assault that inflicts serious injury, as Class A1 misdemeanors).