STATE OF NORTH CAROLINA v. LORI EDWARDS TEDDER, DEFENDANT

No. COA04-893

(Filed 5 April 2005)

**1. Motor Vehicles— driving while impaired—voluntary dismissal**

The trial court had jurisdiction to enter judgment against defendant for driving while impaired even though the State entered a voluntary dismissal of the charge against defendant after trial began, because: (1) defendant made no objection to entry of judgment at the sentencing hearing and has thus waived

her right to bring this matter forward on appeal; (2) the State filed a dismissal pursuant to N.C.G.S. § 15A-932 when defendant failed to appear on 25 April 2002, the second day of trial, and the State filed a reinstatement on 5 May 2003; and (3) the State followed the proper statutory procedures with regard to the dismissal and reinstatement of defendant's case.

2. **Sentencing— aggravating factors—two prior DWI convictions**

The trial court did not err by sentencing defendant for driving while impaired based upon its finding of two grossly aggravating factors which were not submitted to the jury because: (1) the case of *Blakely v. Washington,* —— U.S. —— (2004) specifically exempts aggravated sentences based upon prior convictions from its requirements; (2) the court found as grossly aggravating factors that defendant had two previous convictions for DWI committed within the preceding seven years of the date of the current offense and that at the time of the current offense she drove with a child under the age of sixteen years in the vehicle; (3) N.C.G.S. § 20-179(c) mandates that the trial court must impose the Level One punishment under subsection (g) if the judge determines that two or more grossly aggravating factors apply or if defendant has two prior impaired driving convictions within the 7 years preceding the offense; and (4) the finding of two prior convictions triggered the mandatory Level One sentence and the finding of another grossly aggravating factor had no impact on defendant's sentence.

3. **Motor Vehicles— driving while impaired—motion to dismiss—sufficiency of evidence—diabetic attack**

The trial court did not err by denying defendant's motion to dismiss the charge of driving while impaired even though defendant contends there was insufficient evidence of impairment when she was allegedly suffering from a diabetic attack, because: (1) a law enforcement officer may express an opinion that a defendant is impaired so long as that opinion is based on something other than an odor of alcohol, and an officer testified that based on the results of the sobriety test he conducted that defendant was sloppy drunk and that there was not just a slight impairment; and (2) there was no evidence to explain defendant's diabetic condition or to explain how it might mimic alcohol impairment.

STATE v. TEDDER

[169 N.C. App. 446 (2005)]

**4. Constitutional Law— right to confront witnesses—defendant's voluntary and unexplained absence from trial—waiver**

The trial court did not err in a driving while impaired case by proceeding with trial in defendant's absence, because a defendant's voluntary and unexplained absence from court subsequent to commencement of trial constitutes a waiver of the right to confront witnesses.

Appeal by defendant from judgment entered 6 October 2003 by Judge Judson D. DeRamus, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 15 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.*

*John T. Hall, for defendant.*

HUDSON, Judge.

On 20 April 2001, defendant Lori Edwards Tedder was arrested and charged with driving while impaired ("DWI") and driving while license revoked ("DWLR"). In District Court, defendant pled guilty to DWLR and was found guilty of DWI. Defendant appealed the DWI conviction to superior court for trial *de novo.* At the 24 April 2002 criminal session of superior court, the jury found defendant guilty of DWI. Based on its findings of grossly aggravating factors, the court sentenced her as a level I to an active term of twenty-four months and ordered defendant to pay costs and attorney fees. Defendant appeals. We find no error.

On 20 April 2001, Officer Boak of the Winston-Salem Police Department came up behind defendant's vehicle and noticed her driving in a jerky and inconsistent manner. After he observed her cross the center line four times and run off onto the shoulder twice in only a few miles, Officer Boak pulled defendant over. Defendant immediately got out of the car and walked toward him. Officer Boak smelled alcohol and noticed that defendant slurred her speech. Defendant was unable to recite the alphabet and swayed when standing. Officer Boak arrested defendant for DWI and took her to the magistrate's office. While at the magistrate's office, defendant became ill. Officer Boak took her to a hospital, where he asked defendant to submit to a blood test. Defendant refused.

Defendant now argues that the court erred in entering judgment against her. We disagree.

**[1]** Defendant first contends that the court was without jurisdiction to enter judgment against her because the State entered a voluntary dismissal of the charge against her after trial began. Defendant made no objection to entry of judgment at the sentencing hearing and has thus waived her right to bring this matter forward on appeal. N.C. R. App. P. 10(b)(1).

Even if this matter were properly before this Court, defendant could not prevail.

> Section 15A-932 provides for a dismissal 'with leave' when the defendant fails to appear and cannot be readily found. Under subsection (b) of section 15A-932, this dismissal results in removal of the case from the court's docket, but the criminal proceeding under the indictment is not terminated. All outstanding process retains its validity and the prosecutor may reinstate the proceedings by filing written notice with the clerk without the necessity of a new indictment.

*State v. Lamb*, 321 N.C. 633, 641, 365 S.E.2d 600, 604 (1988). The State filed a dismissal pursuant to N.C. Gen. Stat. § 15A-932 when defendant failed to appear on 25 April 2002, the second day of trial. The State filed a reinstatement on 5 May 2003. The State having followed the proper statutory procedures with regard to the dismissal and reinstatement, defendant's assignment of error is without merit.

**[2]** Defendant also contends her sentencing was in error because the court found two grossly aggravating factors which were not submitted to the jury. Defendant argues that, under *Blakely v. Washington*, a judge may not impose an aggravated sentence based on facts not found by a jury beyond a reasonable doubt. —— U.S. ——, 159 L. Ed. 2d 403 (2004). However, *Blakely* specifically exempts aggravated sentences based on prior convictions from its requirements. *Id.* at ——, 159 L. Ed. 2d at 412 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435 (2000)) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") Here, the court found two grossly aggravating factors pursuant to N.C. Gen. Stat. § 20-179(c): that defendant had two previous convictions for DWI committed within the preceding seven years of the date of the current

offense, and that at the time of the current offense, she drove with a child under the age of sixteen years in the vehicle. Section 20-179(c) mandates that the judge "*must impose* the Level One punishment under subsection (g) of this section if the judge determines that two or more grossly aggravating factors apply," or if defendant has two prior impaired driving convictions within the 7 years preceding the offense. N.C. Gen. Stat. § 20-179(c) (2001) (emphasis added). The finding of two prior convictions triggered the mandatory level one sentence; the finding of another grossly aggravating factor had no impact on defendant's sentence. Thus, *Blakely* relief is not required here, and this assignment of error is overruled.

**[3]** Defendant next argues that the court erred in denying her motion to dismiss the DWI charge for insufficiency of the evidence. We find no error.

Defendant contends that the State failed to prove she was impaired when the evidence suggests she was actually suffering from a diabetic attack. The standard of review on a motion to dismiss is well-established:

> When ruling on a motion to dismiss, the trial court must determine whether the prosecution has presented substantial evidence of each essential element of the crime. Substantial evidence is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In making its decision, the trial court must view the evidence in the light most favorable to the State.

*State v. Smith*, 357 N.C. 604, 615-16, 588 S.E.2d 453, 461 (2003), *cert. denied*, —— U.S. ——, 159 L. Ed. 2d 819 (2004) (internal citations and quotation marks omitted). "The essential elements of DWI are: (1) Defendant was driving a vehicle; (2) upon any highway, any street, or any public vehicular area within this State; (3) while under the influence of an impairing substance." *State v. Mark*, 154 N.C. App. 341, 345, 571 S.E.2d 867, 870 (2002), *aff'd*, 357 N.C. 242, 580 S.E.2d 693 (2003) (per curiam) (citing N.C. Gen. § Stat. 20-138.1).

A law enforcement officer may express an opinion that a defendant is impaired, so long as that opinion is based on something more than an odor of alcohol. *State v. Rich*, 351 N.C. 386, 397-98, 527 S.E.2d 299, 305 (2000). Officer Boak testified that, based on the results of the sobriety test he conducted, defendant "was sloppy drunk" and that "there wasn't just a slight impairment." There was no evidence to

explain defendant's diabetic condition or to explain how it might mimic alcohol impairment. Because the evidence presented, taken in the light most favorable to the State, was substantial evidence of each essential element of the crime, we find no error.

**[4]** Defendant also argues that it was error for the court to proceed with the trial in her absence. Defendant contends the court's action violated her constitutional right to confront witnesses against her. However, "[a] defendant's voluntary and unexplained absence from court subsequent to commencement of trial constitutes . . . a waiver" of this right. *State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991). In such cases, it is not error for the court to proceed with trial in the defendant's absence. *State v. Skipper*, 146 N.C. App. 532, 535, 553 S.E.2d 690, 692 (2001).

No error.

Judges WYNN and STEELMAN concur.