STATE OF NORTH CAROLINA v. JONATHAN DENARD BOYCE

No. COA05-279

(Filed 7 February 2006)

**1. Kidnapping— restraint—not a part of robbery**

There was sufficient evidence that the restraint in a kidnapping was separate from that in a robbery where the victim attempted to flee through her back door when defendant forced his way through the front door; she was partially outside when defendant grabbed her shirt, pulled her inside, and then closed the door; and defendant then told her for the first time that he wanted money. The robbery occurred only after the restraint and removal were complete.

**2. Sentencing— prior record points—evidence sufficient**

The trial court's findings regarding defendant's prior record points were supported by the evidence where the State presented only a worksheet, but defense counsel's acknowledgment that defendant had been on probation can reasonably be construed as an admission that defendant had been convicted of at least one of the charges. All that is required for defendant's record level (II) is one conviction; moreover, defendant has not asserted that any of the prior convictions listed on the worksheet do not exist.

**3. Sentencing— aggravating factor—prior record level—not in indictment or submitted to jury**

There was no error in aggravating defendant's sentence based on a prior conviction where that factor was not alleged in the indictment or submitted to the jury. Aggravating factors need not be alleged in the indictment, and aggravated sentences based on prior convictions are exempt from the jury requirement.

Judge WYNN concurring in part and dissenting in part.

Appeal by defendant from judgment entered 23 August 2001 by Judge Clarence W. Carter in Forsyth County Superior Court. Heard in the Court of Appeals 6 December 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Amar Majmundar, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Jonathan Denard Boyce, appeals his conviction of second-degree kidnapping and the sentence imposed. For the reasons discussed herein, we find no error.

At approximately noon on 3 July 2000, defendant knocked on the front door or Mrs. Amie Dunford's home, which she shared with her husband and nine-month-old baby. Mrs. Dunford partially opened the door to defendant, who informed her he was seeking volunteers for a neighborhood watch program. Defendant asked Mrs. Dunford whether her husband was at home. She told defendant he was not, but she would get him a pad and pen so he could leave his contact information. While Mrs. Dunford went to retrieve the pen and paper, she shut and locked the door and defendant waited outside. She returned and handed defendant the paper. Defendant wrote a name and phone number on the pad and handed it back to her. When Mrs. Dunford started to shut the door, defendant attempted to force his way into the home. She bit his hand, but he kept pushing on the door. Mrs. Dunford realized she could not get the door shut so she ran to the back door and tried to get out. She opened the back door and got partially out of the doorway before defendant grabbed her by the shirt and pulled her back inside.

As defendant dragged Mrs. Dunford inside, she fell to the floor. When she looked up, she saw for the first time defendant had a gun in his hand. She began screaming and crying and begged defendant not to harm her because she was pregnant. Defendant closed the back door and told her to stop screaming. He said he did not want to harm her, he just wanted money. This was the first time defendant demanded anything of Mrs. Dunford.

Mrs. Dunford told defendant she did not have any cash, but she could write him a check. Defendant and Mrs. Dunford walked to her car where her checkbook was located. Defendant told her to write the check for $200.00 and to leave the payee's name blank. Mrs. Dunford did as instructed and gave defendant the check. Defendant told her that if she called the police he would kill her. Defendant then left.

Defendant was indicted for one count each of robbery with a dangerous weapon, second-degree kidnapping, and felonious breaking and entering. These matters came on for trial and on 23 August 2001 the jury found defendant guilty of all charges. The trial judge sentenced defendant to consecutive terms of imprisonment of 95 to 123

months for robbery with a dangerous weapon, 36 to 53 months for second-degree kidnapping, and 10 to 12 months for felonious breaking and entering. Defendant appeals.

[1] In defendant's first argument, he contends his conviction for second-degree kidnapping must be vacated because the State presented insufficient evidence of restraint separate from that inherent in the armed robbery. We disagree.

Our standard of review when ruling on a motion to dismiss for insufficient evidence is whether there is substantial evidence of each element of the charged offense and that the defendant is the perpetrator. *State v. Allred*, 131 N.C. App. 11, 19, 505 S.E.2d 153, 158 (1998). The evidence must be considered in the light most favorable to the State, giving it the benefit of every reasonable inference which can be drawn therefrom. *Id.*

A person is guilty of kidnapping if he unlawfully confines, restrains, or removes an individual from one place to another without their consent, "if such confinement, restraint or removal is for the purpose of: (2) Facilitating the commission of any felony . . . ." N.C. Gen. Stat. § 14-39(a)(2) (2005).

The charge of second-degree kidnapping in this case is based upon defendant's dragging Mrs. Dunford back into her home for the purpose of robbing her. Defendant argues this act was inherent in the robbery and was not a separate and complete act, independent of and apart from the felony of armed robbery. In support of his argument, defendant cites the seminal case of *State v. Fulcher*, 294 N.C. 503, 243 S.E.2d 338 (1978). We agree with defendant that *Fulcher* is controlling in this case, however, it compels this Court to hold defendant's argument is without merit.

In *Fulcher*, the defendant walked with a woman back to her motel room where she and her friend were staying. The defendant pushed her into the room and told her he had a knife. Defendant then bound the two women with tape and forced each of them to perform oral sex. The defendant was convicted of two charges of kidnapping and two charges of a crime against nature. The defendant argued that the kidnappings were merely incidental to the crimes of crime against nature. Our Supreme Court, construing the 1975 amendments to the kidnapping statute, stated:

We are of the opinion, and so hold, that G.S. 14-39 was not intended by the Legislature to make a restraint, which is an inher-

ent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes. To hold otherwise would violate the constitutional prohibition against double jeopardy.

*Id.* at 523, 243 S.E.2d 351. The Court went on to affirm the defendant's two kidnapping convictions, explaining:

The restraint of each of the women was separate and apart from, and not an inherent incident of, the commission upon her of the crime against nature, though closely related thereto in time. Each woman was so bound, and thereby restrained, so as to reduce her ability to resist, so as to prevent her escape from the room during the commission of the crime against nature upon the other, and so as to prevent her from going to the assistance of her companion. Thus, the restraint of each was for the purpose of facilitating the commission of the felony of crime against nature.

*Id.* at 524, 243 S.E.2d 352.

In the instant case, defendant restrained Mrs. Dunford by grabbing her as she fled her residence and removed her by dragging her back into her residence. These were separate acts, completed prior to defendant brandishing a gun and demanding money.

Defendant argues he could not have robbed Mrs. Dunford without first dragging her back into the residence and this act was an inherent part of the robbery. However, in *Fulcher*, the defendant could not have committed the crimes against nature without binding the women to insure they could not escape. Defendant's act of grabbing Mrs. Dunford and pulling her back into the house was closely related to the robbery, but was not an inherent incident thereof. *Accord id.*

Defendant cites a number of other cases in addition to *Fulcher* in support of his argument. These cases include *State v. Beatty*, 347 N.C. 555, 495 S.E.2d 367 (1998), *State v. Pigott*, 331 N.C. 199, 415 S.E.2d 555 (1992), *State v. Irwin*, 304 N.C. 93, 282 S.E.2d 439 (1981), *State v. Ross*, 133 N.C. App. 310, 515 S.E.2d 252 (1999), and *State v. Allred*, 131 N.C. App. 11, 505 S.E.2d 153 (1998). The facts in all of these cases where restraint was found to be inherent to and part of the commission of another felony are distinguishable from the facts of this case. In each of those cases, the defendant first demanded money and brandished a weapon, and thereafter removed the victims from one place to another in order to locate items to steal. Our courts arrested the

kidnapping convictions where the defendant's purpose in removing the victims was to facilitate the robbery. Where the defendant's purpose in the removal of the victims was not directly related to the robbery, our courts allowed the kidnapping convictions to stand.

In the instant case, defendant pushed open the door and Mrs. Dunford fled out the back of the house. At that point, defendant had not brandished his gun, nor demanded any money or property. It was only after the restraint and removal of Mrs. Dunford was complete that the robbery took place. As a result, the kidnapping was separate and apart from the robbery.

[2] In defendant's second argument, he contends the trial court's findings regarding his prior record points and prior record level were unsupported by the evidence, and therefore, he is entitled to a new sentencing hearing. We disagree.

Defendant contends the State failed to meet the requirements to prove a defendant's prior conviction as set forth in N.C. Gen. Stat. § 15A-1340.14(f). Proof of a defendant's prior conviction may be done in one of four ways: "(1) Stipulation of the parties[;] (2) An original or copy of the court record of the prior conviction[;] (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts[;] (4) Any other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f) (2005). The burden rests on the State to prove by a preponderance of the evidence that a prior conviction exists and that the individual before the court is the same person named in the prior convictions. *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002).

The record in the instant case indicates the only evidence presented by the State was a prior record level worksheet purporting to list three prior convictions. "There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *Id.* Therefore, we must review the dialogue between counsel and the trial court to determine whether there was a "stipulation" of the prior convictions listed on the worksheet the State presented. *Id.* "[C]ounsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur." *State v. Alexander*, 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005).

At sentencing, the prosecutor stated that for purposes of sentencing defendant would be a record Level 2 since he had four prior record level points. The prior record points were as follows: two points for felonious possession with intent to sell and deliver a counterfeit controlled substance, a Class I felony, one point for misdemeanor possession of stolen goods, and one point because defendant was on probation or post-supervision release at the time this felony occurred. Following the State's summation of the prior record level worksheet, the trial court conducted a bench conference, after which the judge stated:

> Madam Court Reporter, let the record reflect that the district attorney has handed up, after it was reviewed by the defense counsel, AOC-600 form, the worksheet of the prior record level for felony sentencing and a prior conviction level for misdemeanor sentencing. He's handed that up to the Court, indicating the defendant had four points against him prior to this, placing him in a prior record Level 2.

The fact defense counsel did not object to the trial court's statement that he had reviewed the prior record level worksheet and the judge's summation of the point level is tantamount to an admission or stipulation that defendant had the prior convictions asserted by the State. In addition, before the judge finally imposed sentence on defendant, he inquired as to how long defendant had been on probation. At which time, the prosecutor informed the judge he had been mistaken and defendant was not now on probation. Defense counsel responded that defendant had been on probation, but was not on probation now. Defense counsel's acknowledgment that defendant had been on probation, but was no longer, can also reasonably be construed as an admission by defendant that he had been convicted of at least one of the charges listed on the worksheet. All that was required to sentence defendant as a record Level 2 is one conviction. We also note that defendant has not asserted in his appellate brief that any of the prior convictions listed on the worksheet do not, in fact, exist. *See Eubanks*, 151 N.C. App. at 506, 565 S.E.2d at 743. This argument is without merit.

[3] In defendant's third argument, he contends the trial court erred in sentencing him because the aggravating factor was not alleged in the indictments nor submitted to the jury. We disagree.

The trial court found one factor in aggravation, which was not alleged in the indictment. Our Supreme Court held that aggravating

circumstances need not be specifically alleged in an indictment. *State v. Allen*, 359 N.C. 425, 438, 615 S.E.2d 256, 265 (2005). This argument is without merit.

Defendant further argues his sentence must be vacated because the judge failed to submit the aggravating factor to the jury for determination beyond a reasonable doubt, as directed by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). We disagree.

Under *Blakely*, a judge may not impose a sentence upon defendant from the aggravated range, unless the aggravating factor is submitted to the jury and found beyond a reasonable doubt. *Allen*, 359 N.C. at 438-39, 615 S.E.2d at 265. "However, *Blakely* specifically exempts aggravated sentences based on prior convictions from its requirements." *State v. Tedder*, 169 N.C. App. 446, 449, 610 S.E.2d 774, 776 (2005) (citing *Blakely*, 542 U.S. at 301, 159 L. Ed. 2d at 412). Here, the trial court found one factor in aggravation, that defendant, as a juvenile, had been adjudged delinquent of an offense that would be a class A, B, C, D, or E felony had he been an adult. This prior conviction was not one of the convictions listed on the State's worksheet. Defendant had been adjudicated delinquent of the offenses of first-degree burglary and robbery with a dangerous weapon, each class D felonies. These convictions were established by the testimony of a clerk for juvenile court. These convictions supported the trial court's finding of the statutory aggravating factor under N.C. Gen. Stat. § 15A-1340.16(d)(18a) (2005). Since the aggravated sentence was based solely upon a prior conviction, the requirement of *Blakely*, that the aggravating factor be submitted to a jury, was not applicable. *Tedder*, 169 N.C. App. at 449, 610 S.E.2d at 776. This argument is without merit.

The remaining assignments of errors asserted in the record on appeal, but not argued in defendant's brief, are deemed abandoned. N.C. R. App. P. 28(b)(6).

For the reasons discussed herein, we find no prejudicial error in defendant's trial or sentencing.

NO ERROR.

Judge LEWIS concurs.

Judge WYNN concurs in part and dissents in part by separate opinion.

WYNN, Judge, concurring in part, dissenting in part.

While I agree that the State satisfied its burden to prove Defendant's prior conviction for sentencing, and that the trial court did not err in sentencing Defendant in the aggravated range, I cannot agree with the majority's conclusion that Defendant's act of pulling the victim back into the house was not inherent to the robbery with a dangerous weapon. I, therefore, respectfully dissent.

A defendant is guilty of the offense of second-degree kidnapping if he (1) confines, restrains, or removes from one place to another (2) a person sixteen years of age or over (3) without the person's consent, (4) for the purpose of facilitating the commission of a felony. N.C. Gen. Stat. § 14-39(a)(2) (2005). "Our Supreme Court, however, has recognized that 'certain felonies (e.g., forcible rape and armed robbery) cannot be committed without some restraint of the victim' and has held that restraint 'which is an inherent, inevitable feature of [the] other felony' may not be used to convict a defendant of kidnapping." *State v. Allred*, 131 N.C. App. 11, 20, 505 S.E.2d 153, 158 (1998) (quoting *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978)). "The key question . . . is whether the kidnapping charge is supported by evidence from which a jury could reasonably find that the necessary restraint for kidnapping 'exposed [the victim] to greater danger than that inherent in the armed robbery itself[.]' " *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992) (quoting *State v. Irwin*, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981)).

In *Fulcher*, the defendant followed a woman into her motel room, pushed the woman into the room, bound the woman and her friend with tape, and then committed crimes against nature upon them. Based upon these facts, the *Fulcher* court held that the "restraint of each of the women was separate and apart from, and not an inherent incident of, the commission upon her of the crime against nature, though closely related thereto in time." *Fulcher*, 294 N.C. at 524, 243 S.E.2d at 352.

Here, the only evidence of restraint is that Defendant grabbed the victim and pulled her back into the house when the victim stepped a foot outside the house in an attempt to escape. To commit a robbery with a dangerous weapon under section 14-87(a) of the North Carolina General Statutes, Defendant had to possess, use, or threaten to use a firearm while taking personal property *from a residence where a person was present. See* N.C. Gen. Stat. § 14-87(a) (2005) (emphasis added). Defendant's restraint of the victim was an essen-

tial element of robbery with a dangerous weapon under section 14-87(a), and Defendant's use of this restraint exposed the victim to no greater danger than that required to complete the robbery with a dangerous weapon. *See State v. Beatty*, 347 N.C. 555, 495 S.E.2d 367 (1998). Thus, the victim in this case was exposed only to the harm inherent in the robbery with a dangerous weapon, and not to the kind of danger and abuse that the kidnapping statute was designed to prevent. *See State v. Ripley*, 172 N.C. App. 453, 457, 617 S.E.2d 106, 109 (2005).

Because Defendant's restraint was an inherent, inevitable feature of the armed robbery which may not be used to convict a defendant of kidnapping, I would vacate Defendant's conviction for second-degree kidnapping. *See Allred*, 131 N.C. App. at 20, 505 S.E.2d at 158. I therefore dissent from the portion of the majority's opinion finding no error in Defendant's second-degree kidnapping conviction.