STATE OF NORTH CAROLINA v. JONATHAN DENARD BOYCE

No. 129A06

(Filed 9 November 2007)

**Kidnapping— separate from armed robbery—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss a kidnapping charge (as inherent in an armed robbery) where defendant forced his way through his pregnant victim's front door against her resistance, prevented her escape through the back door by grabbing her shirt after she had one foot outside, pulled her back into the house as she attempted to remove her shirt, demanded money at gunpoint, and accepted a check. The kidnapping was a separate complete act that facilitated the subsequent armed robbery.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 175 N.C. App. 663, 625 S.E.2d 553 (2006), finding no prejudicial error in a trial which resulted in judgments entered 23 August 2001 by Judge Clarence W. Carter in Superior Court, Forsyth County. On 8 March 2007, the Supreme Court allowed defendant's petition for discretionary review of additional issues. Heard in the Supreme Court 13 September 2007.

*Roy Cooper, Attorney General, by Amar Majmundar, Special Deputy Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Benjamin Dowling-Sendor, Assistant Appellate Defender, for defendant-appellant.*

BRADY, Justice.

This case presents the issue of whether defendant's act of restraint and removal in preventing the victim's escape from her

residence, at a time when defendant's subsequent robbery with a dangerous weapon had not yet begun, was sufficient to support a conviction for second-degree kidnapping. Because we find defendant's conduct was legally sufficient to constitute the separate, complete act of second-degree kidnapping and, moreover, that the kidnapping facilitated the accompanying robbery, we affirm the Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

The pivotal facts are as follows: Around noon on 3 July 2000, defendant, Jonathan Denard Boyce, later identified through forensic evidence and distinguishing features, gained entry to Amie Cobb Dunford's residence by fraudulently claiming to be soliciting volunteers for a neighborhood watch program and, thereafter, by forcing open the front door. Dunford, home alone and four and a half months pregnant, struggled to prevent his entry by pushing the door shut and biting his hand. Defendant continued to force his way into the residence. Dunford, realizing further resistance was futile, attempted to flee through the rear of the residence. She managed to open the back door and "got a foot out of the house" before defendant prevented her escape by grabbing her shirt. The victim "reached around the door trying to hold [herself] out of the door and trying to escape." She also attempted to escape by trying to remove her shirt, which was still being held by defendant. Again, she was unsuccessful. Given the time of day, Dunford realized neither neighbors nor construction workers typically present in the area were in close enough proximity to hear her yell. She testified she was afraid defendant intended to harm her should she be pulled back into the residence. While defendant held her shirt, the victim repeatedly screamed, "Don't hurt me," and that she was pregnant. Defendant, holding onto Dunford's shirt with his left hand, pulled her back into the interior of the residence. Dunford fell as a result of the force, looked up, and for the first time observed defendant holding a handgun in his right hand. Defendant then demanded money. Dunford informed him she had no cash. Defendant agreed to accept a personal check for two hundred dollars. Defendant, after obtaining the check, threatened to kill her if she called the police. Undeterred, after defendant left the scene, Dunford immediately called 911 Emergency Response.

Warrants for defendant's arrest were issued on 23 October 2000. The Forsyth County Grand Jury returned true bills of indictment charging him with felony breaking and entering, robbery with a dangerous weapon, and second-degree kidnapping, all of which arose

from the above described incident. Defendant was tried at the 22 August 2001 criminal session of Forsyth County Superior Court. After presentation of the State's case-in-chief and again at the close of all evidence, defendant moved to dismiss the kidnapping charge, asserting that the State's evidence of confinement, restraint, or removal was insufficient to support the kidnapping count as it was inherently a part of and thus merged with the robbery. Defendant's motions were denied. A jury returned guilty verdicts on all counts and the trial court entered judgment accordingly on 23 August 2001. The trial court determined defendant's prior record level to be II and imposed consecutive sentences of ten to twelve months for felony breaking and entering, ninety-five to one hundred twenty-three months for robbery with a dangerous weapon, and thirty-six to fifty-three months for second-degree kidnapping. Defendant appealed his convictions, and a divided panel of the Court of Appeals found no error. *State v. Boyce*, 175 N.C. App. 663, 625 S.E.2d 553 (2006). Defendant, based on the dissent in the Court of Appeals, appeals as of right to this Court pursuant to N.C.G.S. § 7A-30(2).

## ANALYSIS

Kidnapping, as codified in North Carolina, is defined in part as:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

. . . .

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . .

N.C.G.S. § 14-39(a) (2005). Nearly three decades ago this Court recognized that, as written, this statute presents the potential for a defendant to be prosecuted twice for the same act. *See State v. Fulcher*, 294 N.C. 503, 523-24, 243 S.E.2d 338, 352 (1978) (noting that to avoid such a consequence, "the restraint, which constitutes the kidnapping [must be] a separate, complete act, independent of and apart from the other felony").

To be sure, more than one criminal offense may arise out of the same criminal course of action. *State v. Ripley*, 360 N.C. 333, 337-38,

626 S.E.2d 289, 292 (2006) (citing *Fulcher*, 294 N.C. at 524, 243 S.E.2d at 352). When, for example, the kidnapping offense is a wholly separate transaction, completed before the onset of the accompanying felony, conviction for both crimes is proper. *See State v. Newman*, 308 N.C. 231, 239-40, 302 S.E.2d 174, 181 (1983); *see also Fulcher*, 294 N.C. at 525, 243 S.E.2d at 352-53 (noting that "neither the Fourteenth Amendment to the Constitution of the United States nor Article I, § 19, of the Constitution of North Carolina forbids the prosecution and punishment of a defendant for two separate, distinct crimes, even though the second offense follows the first in quick succession and was the purpose for which the first offense was committed").[1]

It remains true that " 'certain felonies (*e.g.*, forcible rape and armed robbery) cannot be committed without some restraint of the victim.' " *Ripley*, 360 N.C. at 337, 626 S.E.2d at 292 (quoting *Fulcher*, 294 N.C. at 523, 243 S.E.2d at 351 (noting further that it is "well established that . . . where one offense is committed with the intent thereafter to commit the other and is actually followed by the commission of the other," *id.* at 523-24, 243 S.E.2d at 351-52, conviction for both crimes is proper)). Misconstruing this Court's precedent in *Ripley*, 360 N.C. at 340, 626 S.E.2d at 293-94, and *State v. Irwin*, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981), defendant urges this Court to reverse his kidnapping conviction on the grounds that the movement of the victim in the instant case was "a mere technical asportation" and thus an inherent part of the robbery with a dangerous weapon. This Court held the kidnapping charges in both of those cases improper as the victims were merely moved from one location to another during the commission of ongoing robberies. In *Ripley*, the victims in question were ordered at gunpoint from the entranceway of a motel into the lobby after the robbery had already commenced. 360 N.C. at 334-35, 626 S.E.2d at 290. *Irwin* involved a drug store clerk being forced at knifepoint from the front of the store to the prescription counter in the rear—again after the robbery was already underway. 304 N.C. at

---

1. While not germane to our decision in the case at bar, separate kidnapping convictions have also been affirmed when the defendant exposed the victim to greater danger than that inherent in the separate felony offense. *See, e.g., State v. Beatty*, 347 N.C. 555, 559, 495 S.E.2d 367, 370 (1998) (upholding kidnapping conviction when "defendant bound [the] victim's wrists and kicked him in the back [thereby increasing] the victim's helplessness and vulnerability beyond what was necessary to enable [the robbery]" (citing *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 561 (1992)); *State v. Tucker*, 317 N.C. 532, 536, 346 S.E.2d 417, 419-20 (1986) (holding that the trial judge correctly refused to dismiss kidnapping charges when the victim was exposed to greater danger than that inherent in sexual assault by being dragged to a remote location where the crime was ultimately committed).

96-97, 282 S.E.2d at 442. We find the underlying facts of *Ripley* and *Irwin* distinguishable from the salient facts and sequence of events in the instant case because, here, one felony transaction was complete before the other felony began.

Instead, the holdings and rationale of our decisions in *Newman*, 308 N.C. 231, 302 S.E.2d 174, and *State v. Whittington*, 318 N.C. 114, 347 S.E.2d 403 (1986), are more analogous and thus dispositive of the case at bar. In *Newman*, the defendants abducted the victim from a grocery store parking lot and took her to a wooded area behind the store where she was raped. This Court concluded that:

> Removal of [the victim] from her automobile to the location where the rape occurred was not such asportation as was inherent in the commission of the crime of rape. Rather it was a separate course of conduct designed to remove her from the view of a passerby who might have hindered the commission of the crime. To this extent, the action of removal was taken *for the purpose of facilitating the felony* of first-degree rape.

308 N.C. at 239-40, 302 S.E.2d at 181 (emphasis added); *accord Ripley*, 360 N.C. at 340, 626 S.E.2d at 294 (holding that "a trial court must consider additional factors such as whether the asportation facilitated the defendant's ability to commit a felony offense"). In *Whittington*, the defendant, wielding a knife and claiming to be in possession of a firearm, threatened the victim and dragged her from the front of a car wash, near houses and the highway, to the rear of the facility before committing a sexual assault. *Whittington*, 318 N.C. at 116, 119-20, 122, 347 S.E.2d at 404-05, 406, 408 (holding trial court did not err in denying motion to dismiss kidnapping charge noting that the "[d]efendant could have perpetrated the offense when he first threatened the victim," but chose instead to remove her to a "more secluded area" to facilitate perpetration of the second felony).

The State's evidence in the present case sufficiently established that defendant prevented the victim's escape by pulling her back into her residence before the onset of the robbery with a dangerous weapon. This restraint and removal was a distinct criminal transaction that facilitated the accompanying felony offense and was sufficient to constitute the separate crime of kidnapping under North Carolina law. *See id.; see also Newman*, 308 N.C. at 239-40, 302 S.E.2d at 181. That the victim was removed just a short distance and only

momentarily before the robbery is irrelevant, as this Court long ago dispelled the importance of distance and duration. *See Fulcher,* 294 N.C. at 522, 243 S.E.2d at 351 (stating that "resort to a tape measure or a stop watch [is] unnecessary in determining whether the crime of kidnapping has been committed").

As defendant's kidnapping of the victim was a separate criminal transaction, complete before the second felony commenced, and facilitated the subsequent robbery with a dangerous weapon, the trial court did not err in denying his motions to dismiss. Accordingly, we affirm the Court of Appeals decision finding no error in defendant's kidnapping conviction.

As to the additional issues presented in defendant's petition, we conclude that discretionary review was improvidently allowed.

AFFIRMED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.