IN THE MATTER OF: DRH

No. COA08-349

(Filed 2 December 2008)

### 1. Juveniles— disposition—multiple offenses—consolidation

Juvenile dispositional orders for felony conspiracy and robbery with a dangerous weapon adjudicated the same day were remanded for consolidation into a single disposition for robbery, pursuant to the plain language of N.C.G.S. § 7B-2508(h).

### 2. Juveniles— disposition—delinquency points and delinquency level—stipulation through failure to object

The trial court did not err in a juvenile dispositional hearing by finding delinquency points and the delinquency level as indicated in a court counselor's report where the juvenile stipulated to the report through his attorney's failure to object.

Appeal by juvenile from adjudication order entered 13 August 2007 and disposition and commitment orders entered 27 August 2007 by Judge Anna F. Foster in District Court, Cleveland County. Heard in the Court of Appeals 24 September 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General LaToya B. Powell, for the State.*

*Appellate Defender Staples Hughes by Assistant Appellate Defender Matthew D. Wunsche, for juvenile-appellant.*

STROUD, Judge.

Juvenile was adjudicated for robbery with a dangerous weapon and felony conspiracy. Juvenile claims the trial court erred by (1) entering two separate dispositions when juvenile was adjudicated for both offenses in the same session of court, and (2) finding that juve-

IN RE DRH

[194 N.C. App. 166 (2008)]

nile had six delinquency history points and a high delinquency history level. For the following reasons, we vacate and remand for resentencing as to issue one and find no error as to issue two.

## I. Background

The State's evidence tended to show the following: On 15 May 2007, Abe[1] and Shawn were at Jamie's apartment in Kings Mountain. Adam called and said "he got some girls." Adam met Abe and Shawn at Jamie's apartment in a car with at least three other boys, including juvenile, whom Shawn knew from school. Abe and Shawn followed Adam to the Royal Motel.

Adam spoke with the girls and said they were at the Waffle House. Abe and Shawn then followed Adam and the other boys, including juvenile, to another apartment complex where juvenile, Adam, and one other individual were dropped off by the driver (juvenile, Adam, and the unknown individual will hereinafter be referred to as "the other boys"). The other boys, Abe, and Shawn were walking through the apartments when Adam told them to "get down." Adam and the unknown individual pulled out guns. The unknown individual pointed his gun at Abe, and Adam and juvenile hit Shawn. Shawn got down on the ground as the other boys kicked and hit him. Shawn also felt his shoes come off his feet. Juvenile pulled out a gun. Abe "took off running" and hid in some bushes until he heard the other boys stop talking.

The other boys told Shawn to get up and asked where Abe went. Juvenile went through Shawn's pockets. Adam threatened to kill Shawn and said they wanted money. The other boys had Shawn call Abe, but Shawn could not reach him. The other boys and Shawn looked for Abe, and Shawn gave juvenile his cell phone to call Abe. Shawn asked for his phone back, but juvenile refused. Shawn pushed juvenile and ran to Jamie's apartment, approximately two miles away. Abe later ran behind some houses and called 911.

Officer Stacy Hudspeth and Sergeant Brad Bumgardner of the Kings Mountain Police Department responded to Abe's 911 call. Abe received several phone calls, but eventually Shawn called to say he was at Jamie's apartment. The police and Abe went to Jamie's apartment. Later in the week, the police had Abe and Shawn review a photo lineup, and they identified juvenile.

---

1. We will use pseudonyms to protect the identities of the juveniles other than DRH who were involved in the incident.

IN RE DRH

[194 N.C. App. 166 (2008)]

On 22 May 2007, juvenile petitions were filed for assault with a deadly weapon, assault by pointing a gun, and robbery with a dangerous weapon. On 31 May 2007, juvenile first appeared and was informed of the allegations against him in the petitions. On 29 June 2007, an order was filed regarding juvenile's probable cause hearing; probable cause was found for at least one felony and at least one misdemeanor, and a hearing was ordered regarding whether the case should be transferred to Superior Court. On 10 July 2007, the trial court concluded juvenile's case would not be transferred and would remain in juvenile court. On or about 25 July 2007, three more juvenile petitions were filed alleging juvenile had committed first degree kidnapping, conspiracy to commit a felony, and attempted robbery with a dangerous weapon.

On 13 August 2007, the trial court filed an adjudication order which dismissed the petitions for assault by pointing a gun, assault with a deadly weapon, attempted robbery with a dangerous weapon, and first degree kidnapping. The trial court further found juvenile had committed the offenses of robbery with a dangerous weapon and felony conspiracy. On 27 August 2007, the trial court filed two "JUVENILE LEVEL 3 DISPOSITION AND COMMITMENT" orders, one for the offense of robbery with a dangerous weapon and one for the offense of felony conspiracy. The trial court found juvenile had six delinquency history points and that his delinquency history level was high and ordered juvenile to an indefinite commitment as to each offense for a minimum of six months and a maximum of until juvenile's eighteenth birthday. Juvenile appeals. Juvenile claims the trial court erred by (1) entering two separate dispositions when juvenile was adjudicated for the offenses in the same session, and (2) finding that juvenile had six delinquency history points and a high delinquency history level.

II. Separate Dispositions

[1] Juvenile first argues that the trial court was required to consolidate his two offenses into one disposition pursuant to N.C. Gen. Stat. § 7B-2508(h) (2007). The State concedes defendant is correct, and we agree.

N.C. Gen. Stat. § 7B-2508(h) reads,

If a juvenile is adjudicated of more than one offense during a session of juvenile court, the court shall consolidate the offenses for disposition and impose a single disposition for the consolidated offenses. The disposition shall be specified for

**IN RE DRH**

[194 N.C. App. 166 (2008)]

the class of offense and delinquency history level of the most serious offense.

N.C. Gen. Stat. § 7B-2508(h) (2007). "Session" is not defined within the definitions section of the Juvenile Code, but is defined in case law as that which "designates the typical one-week assignment to a particular location during the term." *State v. Smith,* 138 N.C. App. 605, 607-08, 532 S.E.2d 235, 237 (citation omitted), *disc. review allowed,* 352 N.C. 682, 545 S.E.2d 726 (2000).

Here the trial court adjudicated defendant for robbery with a dangerous weapon and felony conspiracy on the same day, but entered two disposition orders. Pursuant to the plain language of N.C. Gen. Stat. § 7B-2508(h) the trial court was required to consolidate juvenile's adjudications for robbery with a dangerous weapon and felony conspiracy into a single disposition for robbery with a dangerous weapon, juvenile's most serious offense. *See* N.C. Gen. Stat. § 7B-2508(h); *see also* N.C. Gen. Stat. § 14-2.4 (2007) ("Unless a different classification is expressly stated, a person who is convicted of conspiracy to commit a felony is guilty of a felony that is one class lower than the felony he or she conspired to commit . . . ."). Therefore, we vacate the trial court disposition and commitment orders and remand for a single disposition order consistent with N.C. Gen. Stat. § 7B-2508(h).

### III. Delinquency History Points and Level

**[2]** Juvenile next contends that "the trial court erred when it found, in the absence of a stipulation by the juvenile or any evidence presented by the [S]tate, that . . . [juvenile] had six delinquency history points and a high delinquency history level." Juvenile contends he is entitled to a new disposition hearing. We disagree.

N.C. Gen. Stat. § 7B-2507(f) requires in pertinent part,

A prior adjudication shall· be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior adjudication.

(3) A copy of records maintained by the Division of Criminal Information or by the Department.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 7B-2507(f) (2007).

Furthermore,

> [t]he dispositional hearing may be informal, and the court may consider written reports or other evidence concerning the needs of the juvenile. The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition.

N.C. Gen. Stat. § 7B-2501(a) (2007).

N.C. Gen. Stat. § 7B-2507(f), addressing proof of prior adjudications, is the juvenile analog to N.C. Gen. Stat. § 15A-1340.14(f), which addresses proof of prior criminal convictions. *See* N.C. Gen. Stat. §§ 7B-2507(f), 15A-1340.14(f) (2007). As we find no controlling case law regarding § 7B-2507(f), we turn to cases addressing § 15A-1340.14(f).

"[O]ur Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure and therefore no objection is required to preserve the issue for appellate review." *State v. Jeffery*, 167 N.C. App. 575, 579, 605 S.E.2d 672, 674 (2004) (citations, quotation marks, and brackets omitted). "[O]ur standard of review is whether the sentence is supported by evidence introduced at the trial and sentencing hearing." *Jeffery* at 578, 605 S.E.2d at 674 (citation, quotation marks, and brackets omitted).

In the criminal context, a worksheet alone is not sufficient to establish a defendant's prior convictions, but the defendant's apparent agreement with the worksheet may give rise to a stipulation. *See, e.g., State v. Boyce*, 175 N.C. App. 663, 667, 625 S.E.2d 553, 556 (2006) (citations, quotation marks, and brackets omitted), *affirmed and disc. review improvidently allowed*, 361 N.C. 670, 651 S.E.2d 879 (2007).

> There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions. Therefore, we must review the dialogue between counsel and the trial court to determine whether there was a "stipulation" of the prior convictions listed on the worksheet the State presented. Counsel need not affirmatively state what a defendant's prior record level is

**IN RE DRH**

[194 N.C. App. 166 (2008)]

for a stipulation with respect to that defendant's prior record level to occur.

*Id.*

In *State v. Eubanks*, the defendant argued "that the trial court erred in determining that defendant had twelve prior record points and a prior record level of four . . [as] the only evidence presented by the State was a prior record level worksheet . . . ." *State v. Eubanks*, 151 N.C. App. 499, 504, 565 S.E.2d 738, 742 (2002). In *Eubanks*,

> [t]he following colloquy transpired immediately prior to the State's submission of this document:
>
> THE COURT: Evidence for the State?
>
> THE PROSECUTOR: If Your Honor please, under the Structured Sentencing Act of North Carolina, the defendant has a prior record level of four in this case, Your Honor.
>
> THE COURT: Do you have a prior record level worksheet?
>
> THE PROSECUTOR: Yes, sir, I do.
>
> THE COURT: All right. Have you seen that, Mr. Prelipp, [attorney for defendant]?
>
> MR. PRELIPP: I have, sir.
>
> THE COURT: Any objections to that?
>
> MR. PRELIPP: No, sir.

*Id.* at 504-05, 565 S.E.2d 742 (brackets omitted). From this exchange this Court held

> that the statements made by the attorney representing defendant in the present case may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet. We also note that defendant has not asserted in his appellate brief that any of the prior convictions listed on the worksheet do not, in fact, exist.

*Eubanks* at 506, 565 S.E.2d at 743.

In *Boyce*, again, "the only evidence presented by the State [as to defendant's prior convictions] was a prior record level worksheet purporting to list three prior convictions." *Boyce* at 667, 625 S.E.2d at 556.

IN RE DRH

[194 N.C. App. 166 (2008)]

Following the State's summation of the prior record level worksheet, the trial court conducted a bench conference, after which the judge stated:

> Madam Court Reporter, let the record reflect that the district attorney has handed up, after it was reviewed by the defense counsel, AOC-600 form, the worksheet of the prior record level for felony sentencing and a prior conviction level for misdemeanor sentencing. He's handed that up to the Court, indicating the defendant had four points against him prior to this, placing him in a prior record Level 2.

*Id.* at 668, 625 S.E.2d at 556-57. This Court concluded,

> The fact defense counsel did not object to the trial court's statement that he had reviewed the prior record level worksheet and the judge's summation of the point level is tantamount to an admission or stipulation that defendant had the prior convictions asserted by the State. . . . [and] [w]e also note that defendant has not asserted in his appellate brief that any of the prior convictions listed on the worksheet do not, in fact, exist.

*Id.* at 668, 625 S.E.2d at 557.

Here, the court counselor, Edward Marler, prepared a report which showed three prior adjudications, including assault inflicting serious injury, communicating threats, and simple assault. The report further showed six delinquency history points due to the three previous adjudications and a delinquency history level of "high," as juvenile had more than four points. At the deposition hearing, the trial court specifically asked juvenile's attorney, "Have you had an opportunity to view the report?" to which juvenile's attorney responded, "Yes[,]" without any further inquiry or comments regarding the report. Pursuant to the reasoning in *Eubanks* and *Boyce*, we conclude that juvenile stipulated to the court counselor's report, as juvenile's attorney received and reviewed the report and failed to object to it. *See Boyce* at 668, 625 S.E.2d at 557; *Eubanks* at 505-06, 565 S.E.2d at 742-43. Here also, as in *Eubanks* and *Boyce*, juvenile "has not asserted in his appellate brief that any of the prior [adjudications] listed [in the report] do not, in fact, exist." *Boyce* at 668, 625 S.E.2d at 557; *Eubanks* at 506, 565 S.E.2d at 743. Therefore, this argument is overruled.

IV. Conclusion

In conclusion, we vacate the trial court's dispositional orders and remand for a disposition order consistent with N.C. Gen. Stat. § 7B-2508(h), and we conclude the trial court did not err in its determination of juvenile's delinquency history points and delinquency history level.

NO ERROR IN PART, VACATED IN PART, REMANDED.

Judges STEELMAN and JACKSON concur.