STATE OF NORTH CAROLINA v. JACKIE DARRELL MOORE

No. 8415SC967

(Filed 7 May 1985)

**Kidnapping § 1.3— instruction on theory not supported by evidence**
  The trial court erred in instructing the jury that defendant could be found guilty of kidnapping on the theory that he confined, restrained or removed the victim for the purpose of holding her as a hostage where there was no evidence that defendant's purpose was to hold the victim as security for the performance or the forbearance of some act by some third person.

APPEAL by defendant from *Lee, Judge.* Judgments entered 12 December 1983 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 2 April 1985.

Defendant was charged in proper bills of indictment with first degree kidnapping and an assault with a deadly weapon with intent to kill inflicting serious injury. At trial, the State presented evidence which tended to show the following facts. The defendant and the victim were married on 29 January 1973. Three children were born of the marriage. In September 1983, the par-

ties separated and the victim and two of the couple's children moved into her parents' home. On 3 October 1983 at approximately 5:10 p.m. as the victim was leaving her place of employment, she saw the defendant sitting in his car in her employer's parking lot. Also in the car was the couple's son who had been residing with the defendant. The victim approached the vehicle and lifted the child out of the back seat. When she attempted to leave with the child, defendant ordered her to put the child back into the car and to get in the front seat. The victim placed the child back into the car but refused to get into the vehicle. Defendant then reached for a rifle, pointed it at the victim and again ordered her into the car. The victim refused and ducked beside the car. Defendant then exited the vehicle and attempted to push the victim into the car. When she continued to resist, defendant struck her in the head with the butt of the rifle. The victim then got into the car. As the defendant was getting back into the car, the victim attempted to flee, but the defendant caught her, struck her with the rifle again and returned her to the car. These blows opened a wound in the victim's head which required nine stitches to close.

Defendant drove the victim to their former marital home. The victim entered the residence after defendant threatened to shoot her if she tried to run away. Once inside the residence, defendant fixed an ice pack for the victim and allowed her to call her parents. While the parties were inside the residence defendant threatened to kill himself on several occasions. During one of several telephone calls which he received, defendant stated the victim was trying to take his children away from him and he wasn't going to let her. He also said he would not come out of the trailer unless someone promised him that he would not be sent to jail.

After the authorities arrived, the defendant allowed a detective, dressed as an ambulance attendant, to enter the residence and care for the victim. After the detective had dressed the wound, the defendant ordered him to leave. A short time later the victim talked the defendant into giving up and they left the residence together.

Defendant testifying in his own behalf admitted striking the victim and removing her to the residence, but he stated that the

only reason he had gone to the victim's place of employment was to talk to her about coming back to live with him.

Defendant was convicted of first degree kidnapping and assault with a deadly weapon inflicting serious injury. From judgments sentencing him to twelve years for the kidnapping and three years for the assault, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Dennis P. Myers, and Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

ARNOLD, Judge.

The record reflects that the defendant appealed from his conviction for assault with a deadly weapon inflicting serious injury. He has failed, however, to bring forth in his brief any assignments of error to support his appeal. Therefore, his appeal from the assault conviction is deemed abandoned. Although this issue was not raised in defendant's brief, it could be argued that the defendant should not have been convicted of an assault with a deadly weapon inflicting serious injury and of first degree kidnapping because the serious injury requirement found in both these crimes caused a merger of these offenses; however, on oral argument the defendant conceded that no merger of these offenses occurred under the facts of this case.

In his appeal from the kidnapping conviction defendant contends the court erred by "instructing on purposes of kidnapping which were not supported by the evidence. . . ." We agree, and award defendant a new trial.

G.S. 14-39 in pertinent part provides:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person;

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class D felony. If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree and is punishable as a Class E felony.

This statute makes it a crime for a person to confine, restrain or remove a person for any of the eight separate purposes set forth therein. In order to be guilty of kidnapping the defendant must have formed the intent to do one of these eight purposes at the time he confined, restrained or removed the victim. *See State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984). It is error, generally prejudicial, for the court to instruct upon those purposes which are not supported by the evidence. *State v. Dammons*, 293 N.C. 263, 237 S.E. 2d 834 (1977).

In the case *sub judice* the court instructed in part as follows:

Third, the State must prove beyond a reasonable doubt that the defendant, Jackie Darrell Moore, did this, that is, that he unlawfully confined Priscilla Moore or unlawfully removed her from one place to another for one or more of the following purposes: For the purpose of holding Priscilla Moore as a hostage. To hold a person as a hostage means to hold her as security for the performance or the forbearance of some act by some third person. The State contends, and

the defendant denies, that the defendant held Priscilla Moore as security for the purpose of preventing or delaying law enforcement officers to make a lawful arrest of the defendant. The second purpose that you may consider is for the purpose of terrorizing Priscilla Moore. Terrorizing means more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension. And the third purpose that you may consider is for the purpose of doing serious bodily injury to Priscilla Moore. Serious bodily injury is defined in the law as such physical injury as causes great pain or suffering. If you rely on this purpose to satisfy the third element, you must also be satisfied beyond a reasonable doubt that the unlawful confinement in the automobile or trailer or the unlawful removal from the parking lot to the trailer was a separate complete act independent of and apart from the infliction of the serious bodily injury.

So the third element, members of the jury, to summarize, requires that the State prove beyond a reasonable doubt that the unlawful confinement or removal of Priscilla Moore by the defendant was for one of those — one or more of those three purposes, for the purpose of holding her as a hostage as that has been defined for you or for the purpose of terrorizing Priscilla Moore or for the purpose of doing serious bodily injury to Priscilla Moore, and in which case if you rely on that purpose you must also be satisfied beyond a reasonable doubt that the unlawful confinement in the automobile or trailer or the unlawful removal from the parking lot to the trailer was a separate and complete act independent of and apart from the infliction of serious bodily injury upon Priscilla Moore.

All that is required, members of the jury, for the State to satisfy the third element is that the defendant's purpose was to hold Priscilla Moore as a hostage or terrorize her or inflict upon her serious bodily injury. You need not find, to satisfy the third element beyond a reasonable doubt, that any of those three purposes were actually accomplished.

In its charge the court correctly stated that to convict under the hostage theory the jury must find that the defendant con-

fined, restrained or removed the victim for the purpose of holding her as security for the performance or the forbearance of some act by some third person. Our examination of the record reveals no evidence to support a finding that at the time the defendant originally confined, restrained and removed the victim he did so for the purpose of holding her as a hostage within the meaning of the North Carolina law. Thus, we hold that the defendant is entitled to a new trial. Having awarded a new trial we need not reach the other issues brought forth by the defendant.

No error as to the assault with a deadly weapon inflicting serious injury.

New trial as to kidnapping.

Judges PHILLIPS and COZORT concur.