STATE OF NORTH CAROLINA v. JAMES DEWARRICK COLE AND
KAWAMIE SHONTA COLE

No. COA08-1304

(Filed 18 August 2009)

## 1. Robbery— victim first separated from property—evidence sufficient

The trial court did not err by denying defendant James Cole's motion to dismiss a robbery charge where the victim was separated from her property by threat of force and the property was then stolen. The fact that she did not know that the property had been taken is immaterial.

## 2. Kidnapping—restraint—inherent in robbery

The trial court erred by not dismissing a first-degree kidnapping charge where the restraint used against the victim was an inherent part of the robbery; while the duration of the restraint is

relevant, the main question is whether the robber went beyond the requirements of the robbery.

**3. Kidnapping— in furtherance of robbery—not guilty of robbery—evidence sufficient**

There was sufficient evidence of kidnapping in furtherance of robbery even though defendant Kawamie Cole was found not guilty of robbery. The fact that the jury finds a defendant not guilty is irrelevant to a *de novo* review of whether substantial evidence was offered by the State, and the State is not required to prove the robbery in order to convict a person of kidnapping.

**4. Constitutional Law— double jeopardy—kidnapping and robbery—no conviction of robbery**

There was no double jeopardy issue in a prosecution for kidnapping to facilitate robbery where defendant was not convicted of the underlying offense.

**5. Kidnapping— release in a safe place—victim fleeing—not a release**

A kidnapping victim was not released where she escaped by running to a friend's car, notwithstanding defendant James Cole's threat to kill her. Defendant's failure to chase the victim or do any additional harm does not convert her escape into a release.

**6. Kidnapping— acquittal of underlying felony—kidnapping verdict accepted**

The trial court did not err by accepting a verdict of guilty of kidnapping and not guilty of armed robbery. A defendant need not be convicted of the underlying felony in order to be convicted of kidnapping.

**7. Jury— seemingly inconsistent verdicts—demonstration of lenity**

The trial court did not err by accepting seemingly inconsistent verdicts of guilty of misdemeanor assault with a deadly weapon and not guilty of possession of a firearm by a felon. Inconsistent verdicts may be viewed as a demonstration of the jury's lenity and need not be set aside; it is simply too difficult to tell what the jury was thinking.

**8. Criminal Law— proffered instruction—credibility of witness—no precedential support**

The trial court did not err by refusing a proffered jury instruction on the credibility of a witness who used drugs. There was no

precedential support or reasoned argument for the contention that the Pattern Jury Instruction did not give the correct law and led to a different outcome.

### 9. Criminal Law— instructions—kidnapping—two purposes—both supported by evidence

There was no plain error in instructing the jury on kidnapping to facilitate robbery or flight after robbery where defendant contended that there was no evidence of flight after robbery.

Appeal by defendants from judgments entered 9 January 2008 by Judge Lindsay R. Davis, Jr. in Moore County Superior Court. Heard in the Court of Appeals 21 April 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jason T. Campbell, for the State in response to defendant James Dewarrick Cole.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Alexandra M. Hightower, for the State in response to defendant Kawamie Shonta Cole.*

*Jarvis John Edgerton, IV, for James Dewarrick Cole, defendants-appellants.*

*William D. Spence, for Kawamie Shonta Cole, defendants-appellants.*

JACKSON, Judge.

James Dewarrick Cole ("James") and Kawamie Shonta Cole ("Kawamie") (collectively, "defendants") appeal from their convictions for criminal charges including robbery with a dangerous weapon, first-degree kidnapping, misdemeanor assault with a deadly weapon, and possession of a firearm by a felon. For the reasons set out below, we hold no error in part, and we vacate in part and remand for resentencing.

In the early morning of 17 February 2007, defendants arrived at the mobile home of Carmella Ross ("Ross"), where she and her friend, Lashunda Collins ("Collins"), were sleeping. Defendants accused Ross and Collins of telling lies about defendants' using or stealing crack cocaine; Ross and Collins denied having spread such rumors. Then, defendants each pulled out a gun, pointed these guns at Ross and Collins, told them to "give everything up," and said, "We're going to rob everybody."

Ross's money was on her person at the time, but she lied and said that her money was out in her car. Kawamie used his gun to escort Ross to her car while James guarded Collins in the trailer. When Kawamie saw that there was no money in the car, Ross again lied and said that her friend Ushanda Goldston ("Goldston") might have taken the money when Goldston borrowed Ross's car the previous evening. James instructed Kawamie to drive Ross to Goldston's boyfriend's home, where Goldston lived, to see if they could find Ross's money.

Once Ross and Kawamie arrived, Ross excused herself to the restroom and took Goldston with her. Kawamie remained close by, trying to keep an eye on Ross. In the bathroom, Ross told Goldston that she was being robbed and to call the police after she and Kawamie left. Not having found any money, Kawamie left with Ross without threatening or robbing anyone else and without showing his gun to anyone else. Kawamie then drove them back to Ross's home.

While Kawamie and Ross were gone, James kept Collins at Ross's home. James began rummaging through the place, taking Ross's jewelry and Collins's cell phone. Before Kawamie and Ross returned, Beverly Spencer ("Spencer"), a family friend, arrived in the driveway. James told Collins to go out and see what Spencer wanted, but warned her, saying, "If you try anything stupid, I'm going to kill you." Collins went out and rushed into the car, telling Spencer to drive her quickly to her brother's house. At this time, Ross and Kawamie returned to Ross's home. Kawamie got out of Ross's car. James confronted Spencer and Collins from outside the car, waived his gun at Spencer, and told her she could "give it up too." Spencer declined to give up anything, and she drove away with Collins.

Ross attempted to drive away, but defendants stopped her. Defendants got into Ross's car with her and told her to "drop them off down . . . at the graveyard." Ross did so. Upon arriving at Zion Grove Cemetery, defendants discussed how they would "use [Ross's] car as the getaway car to rob everybody." When they left, Ross feigned a need for Maxi Pads so that they would stop at a store and so the police might catch them. Defendants stopped at a Dollar General and James followed Ross into the store to make her purchase. Defendants and Ross then drove to the home of Maurice Legrand ("Legrand") on the incorrect belief that it was Legrand who stole Ross's money from her car, the money which was in Ross's clothing at the time. James and Legrand argued about Ross's money. A short time later, having

**STATE v. COLE**

[199 N.C. App. 151 (2009)]

been unsuccessful in getting any money from Legrand, defendants left with Ross because "someone had said the police were coming."

While on the road, defendants again stated how they were going to "stick everybody up" and leave town. Then, a state trooper attempted to pull them over. James threw his gun, his gloves, and a knife out of the car window. Once Ross stopped the car, Kawamie ran away from the car. Defendants were arrested.

Defendants each were tried on two counts of robbery with a dangerous weapon, two counts of first-degree kidnapping, two counts of felony assault with a deadly weapon, and one count of possession of a firearm by a felon. At the close of the State's evidence and at the close of all evidence, defendants moved to dismiss all charges. The trial court denied defendants' motions to dismiss, but it did drop all charges of felony assault with a deadly weapon with intent to kill to misdemeanor assault with a deadly weapon. On 9 January 2008, a jury convicted James on all counts and convicted Kawamie of two counts of first-degree kidnapping and two counts of misdemeanor assault with a deadly weapon. Defendants appeal.

On appeal, James contends that the trial court erred by (1) denying his motion to dismiss the charge of robbery against Ross for insufficient evidence and (2) denying his motion to dismiss the charge of kidnapping against Collins because any restraint was inherent in the robbery. Kawamie argues on appeal that the trial court erred by (1) denying his motion to dismiss the charges of kidnapping Collins and Ross for insufficient evidence, (2) accepting the jury's verdict of guilty of kidnapping Collins and Ross when the jury found Kawamie not guilty of armed robbery, (3) accepting the jury's verdict of guilty of misdemeanor assault with a deadly weapon against Collins and Ross when the jury found Kawamie not guilty of possession of a firearm by a felon, (4) refusing to instruct the jury as requested concerning witnesses who use drugs, and (5) charging the jury on kidnapping for the purpose of facilitating flight after committing robbery.[1]

**[1]** In his first argument on appeal, James claims that the State failed to offer evidence of robbery against Ross and the trial court erred in not dismissing the charge of robbery against Ross. We disagree.

---

1. Kawamie set forth eleven assignments of error and argued eight of those assignments on appeal. The remaining assignments of error are deemed abandoned. N.C. R. App. P. 28(b)(6) (2007). Many arguments are used by incorporation in more than one issue. For efficiency and clarity, the eight arguments on appeal have been combined into the five issues here addressed.

The standard of review concerning a motion to dismiss is *de novo*. *State v. Robledo*, 193 N.C. App. 521, 524, 668 S.E.2d 91, 94 (2008). In reviewing a motion to dismiss criminal charges, we view all evidence in the light most favorable to the State and give the State every reasonable inference which can be drawn therefrom. *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91, *disc. rev. denied*, 346 N.C. 551, 488 S.E.2d 813 (1997). To overcome a motion to dismiss, the State must have presented substantial evidence of each element of the offense charged and of the defendant's guilt. *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citing *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Turnage*, 362 N.C. 491, 493, 666 S.E.2d 753, 755 (2008) (citations and quotation marks omitted). "Any contradictions or discrepancies in the evidence are for the jury to resolve, and these inconsistencies, by themselves, do not serve as grounds for dismissal." *State v. Thomas*, 134 N.C. App. 560, 567, 518 S.E.2d 222, 227 (1999) (citing *State v. Hamlet*, 312 N.C. 162, 169, 321 S.E.2d 837, 842 (1984)).

The elements of robbery with a dangerous weapon are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Gwynn*, 362 N.C. 334, 337, 661 S.E.2d 706, 707-08 (2008) (citations and internal quotation marks omitted); *see* N.C. Gen. Stat. § 14-87(a) (2007).

[T]his Court has previously stated that

[t]he word "presence" . . . must be interpreted broadly and with due consideration to the main element of the crime—intimidation or force by the use or threatened use of firearms. "Presence" here means a possession or control by a person so immediate that force or intimidation is essential to the taking of the property. And if the force or intimidation by the use of firearms for the purpose of taking personal property has been used and caused the victim in possession or control to flee the premises and this is followed by the taking of the property in a continuous course of conduct, the taking is from the "presence" of the victim.

*State v. Tuck*, 173 N.C. App. 61, 67, 618 S.E.2d 265, 270 (2005) (quoting *State v. Clemmons*, 35 N.C. App. 192, 196, 241 S.E.2d 116, 118-19, *disc. rev. denied*, 294 N.C. 737, 244 S.E.2d 155 (1978)).

Defendants entered the home with weapons and told Ross and Collins that they were being robbed. At this time, Ross's possessions were in her presence. In this case, Ross's person was removed by threat of force from her property, and that property then was stolen in the course of the criminal activity. The fact that Ross did not know that the property had been taken is immaterial; she was taken from her property, and her control over the property was replaced by that of defendants. The trial court did not commit error when it denied James's motion to dismiss the charge of armed robbery of Ross.

[2] In James's second argument on appeal, he contends that the trial court erred by not granting his motion to dismiss the charge of first-degree kidnapping of Collins as an inherent aspect of the robbery of Collins. We agree.

A defendant is guilty of the offense of first-degree kidnapping "if he (1) confines, restrains, or removes from one place to another (2) a person (3) without the person's consent, (4) for the purpose of facilitating the commission of a felony[]" or flight after a felony and (5) did not release the victim in a safe place or injured or sexually abused the victim. *State v. Allred*, 131 N.C. App. 11, 19-20, 505 S.E.2d 153, 158 (1998); N.C. Gen. Stat. § 14-39 (2007). While the act of kidnapping may be for the purpose of "[f]acilitating the commission of any felony," the act of kidnapping must be distinct from such a felony if the perpetrator is to be convicted of both kidnapping and the underlying felony. *Id.* The commission of some crimes, such as armed robbery and forcible rape, requires some degree of confinement or restraint; a victim who is not restrained by force or by threat would leave rather than be the victim of such a crime. *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). "[T]he key question is whether the kidnapping charge is supported by evidence from which a jury could reasonably find that the necessary restraint for kidnapping exposed the victim to greater danger than that inherent in the underlying felony itself." *State v. Muhammad*, 146 N.C. App. 292, 295, 552 S.E.2d 236, 237 (2001).

To determine when the kidnapping is an inherent part of a related crime, the specific facts must be scrutinized carefully. Holding a group of people while robbing each of them and searching other rooms of the house *does not* constitute a separate crime from the robbery, even though each person was held longer than absolutely necessary to rob that person. *Allred*, 131 N.C. App. at 19-22, 505 S.E.2d at 157-60. Dragging a person into his house for the purpose of robbing him in the house *does* constitute a separate crime from

the robbery. *State v. Boyce,* 361 N.C. 670, 651 S.E.2d 879 (2007). Defendants contend that the State failed to present substantial evidence of the kidnapping of Collins beyond what was inherent to the robbery charge.

In this instance, Collins was held by James while he robbed Collins and Ross. Collins was not moved to another location. She was not held for hours or days, nor was she injured. The restraint used against Collins "was an inherent part of the armed robbery and did not expose [her] to any greater danger than that required to complete the robbery offense." *Allred,* 131 N.C. App. at 20, 505 S.E.2d at 159.

The State emphasizes the fact that Collins was held for thirty minutes, claiming that the restraint lasted longer than necessary for the robbery. We do not believe this is a compelling argument in the instant case. "[R]esort to a tape measure or a stop watch [is] unnecessary in determining whether the crime of kidnapping has been committed." *Fulcher,* 294 N.C. at 522, 243 S.E.2d at 351; *see also Boyce,* 361 N.C. at 675, 651 S.E.2d at 883. While duration of restraint is relevant in analyzing whether a separate kidnapping charge is appropriate, the main question is whether the robber went above and beyond the requirements of the robbery, thereby putting the victim in increased danger. For the reasons set forth above, we vacate James's conviction for the first-degree kidnapping of Collins and remand the matter for resentencing.

[3] Kawamie first argues on appeal that the State failed to present sufficient evidence of all aspects of the kidnapping of either Collins or Ross.[2] Kawamie argues that the State did not prove (1) that either victim was restrained for the purpose of facilitating a robbery, (2) that their restraint was a separate act from the aforementioned robbery, or (3) that Collins was not released in a safe place. We disagree.

Kawamie claims that because the jury found him not guilty of robbery, there was not substantial evidence of the robbery, and therefore any kidnapping could not have occurred to facilitate a robbery. The fact that a jury finds a person not guilty shows that the jury did not find the evidence sufficiently persuasive; it is irrelevant in *de novo* review of whether substantial evidence—evidence sufficient to get a charge to a jury—was offered by the State. *See, e.g., State v. Pryor,* 59 N.C. App. 1, 5, 295 S.E.2d 610, 614 (1982). Furthermore, the

---

2. Since Kawamie was found not guilty of robbery, the analysis related to James's argument does not apply to Kawamie.

North Carolina Supreme Court specifically has stated that in a case like this, the State is not required to prove the robbery in order to convict a person of kidnapping. *State v. Williams*, 295 N.C. 655, 660, 249 S.E.2d 709, 714 (1978) ("In order to prove kidnapping it was only necessary to prove a *purpose* of robbery or the other felonies and not the commission of the felonies themselves." (emphasis in original)), *superseded by statute on other grounds, State v. McCullough*, 79 N.C. App. 541, 340 S.E.2d 132 (1986). The jury heard testimony by Collins that she was held at gunpoint in the trailer and was told that she would be shot if she "tr[ied] anything stupid." The jury heard testimony by Ross that she was made to drive to various locations, was stopped from driving away by herself, and was threatened with death if she "was to act crazy." We hold that substantial evidence of the restraint of Ross and Collins in furtherance of robbery was presented by the State, sufficient to reach the jury.

[4] Kawamie claims that any restraint of Collins or Ross was "a mere technical asportation" of the underlying robbery. Kawamie relies on *State v. Irvin*, 304 N.C. 93, 103, 282 S.E.2d 439, 446, (1981), which points out that if the kidnapping is merely an inherent part of the underlying felony, then finding a defendant guilty of both the felony and the kidnapping would punish him twice for the same offense and raise double jeopardy issues. Kawamie was not convicted of the underlying felonies, so double jeopardy is not at issue. We hold that defendant's argument is without merit.

[5] Kawamie also argues that Collins was released, unhurt and unmolested in a safe place, thereby diminishing the appropriate conviction from first-degree kidnapping to second-degree kidnapping.[3] While such a release would diminish the offense to second-degree kidnapping, that is not what occurred in the instant case. *See* N.C. Gen. Stat. § 14-39(b) (2007). Collins was not released at all; rather, Collins escaped, running to Spencer's car, notwithstanding James's threat that if she did anything "stupid" he would kill her. " '[R]elease inherently contemplates an affirmative or willful action on the part of a defendant." *State v. Love*, 177 N.C. App. 614, 626, 630 S.E.2d 234, 242 (2006); *see State v. Jerrett*, 309 N.C. 239, 263, 307 S.E.2d 339, 351 (1981). James's failure to chase or do any additional harm to Collins does not convert her escape into a release. We hold that the State presented substantial evidence, sufficient to present to a jury, on both counts of first-degree kidnapping against Kawamie.

---

3. Kawamie makes no such argument concerning Ross, who was rescued by police who pointed a gun at her, while James tried to convince her to "play along."

**[6]** In Kawamie's second argument on appeal, he contends that because the jury found him not guilty of armed robbery (the predicate felony upon which the kidnapping charge was based), that the court erred in accepting the jury's verdict of guilty of kidnapping. We disagree. As stated above, a defendant need not be convicted of the underlying felony in order to be convicted of kidnapping. *Williams*, 295 N.C. at 660, 249 S.E.2d at 714. We hold that the trial court did not err by accepting a jury verdict of guilty of kidnapping Collins and Ross and not guilty of armed robbery.

**[7]** In his third argument on appeal, Kawamie contends that the trial court erred by accepting the jury's verdict of guilty of misdemeanor assault with a deadly weapon against Collins and Ross when the jury found Kawamie not guilty of possession of a firearm by a felon. We disagree.

The North Carolina Supreme Court has stated that

inconsistent verdicts in a criminal trial need not be set aside, but may instead be viewed as a demonstration of the jury's lenity.

. . . .

The acquittal may represent the mistake of the jury due to "compromise[] or lenity."

. . . .

"The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable."

. . . .

"[A] rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them [would be imprudent and unworkable]." [It is] simply too difficult to tell exactly what the jury was thinking.

*State v. Reid*, 335 N.C. 647, 658-59, 440 S.E.2d 776, 782-83 (1994) (internal citations omitted) (quoting *United States v. Powell*, 469 U.S. 57, 65-66, 83 L. Ed. 2d 461, 468-69 (1984)). We hold that the trial court did not err by accepting the seemingly inconsistent verdicts.

**[8]** In Kawamie's fourth argument on appeal, Kawamie argues that the trial court erred by not giving the jury the special instruction

requested by defendant as to the credibility of a witness who used drugs. We disagree.

Kawamie cites *State v. Ball*, 324 N.C. 233, 238, 377 S.E.2d 70, 73 (1989) for the proposition that a trial court must give a requested jury instruction that is correct in law and supported by the evidence. However, "[f]or an error in the trial court's instructions to be prejudicial error, defendant must show 'that the jury was misled or misinformed by the charge as given, or that a different result would have been reached had the requested instruction been given.' " *State v. Every*, 157 N.C. App. 200, 213, 578 S.E.2d 642, 652 (2003) (quoting *State v. Wilds*, 88 N.C. App. 69, 74, 362 S.E.2d 605, 609 (1987), *disc. rev. denied*, 322 N.C. 329, 368 S.E.2d 873 (1988)). Defendant contends, without precedential support or reasoned argument, that the North Carolina Pattern Jury Instruction concerning the jury judging witnesses' credibility did not give the correct law concerning this case and led to a different outcome in the case than the proffered instructions would have. We find no support for these contentions in Kawamie's brief or in the relevant caselaw. Therefore, we hold that the trial court did not commit error by refusing to use the proffered jury instruction.

**[9]** In Kawamie's final argument on appeal, Kawamie argues that the trial court erred in instructing the jury concerning kidnapping "for the purpose of facilitating the commission of robbery or flight after committing robbery." We disagree.

Kawamie did not object to the jury instruction given by the trial court. When a defendant fails to object to the trial court's jury instructions, the standard of review on appeal is plain error. *State v. Goforth*, 170 N.C. App. 584, 587, 614 S.E.2d 313, 315 (2005). In plain error review, a defendant must show that

the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "resulted in a miscarriage of justice or in the denial to appellant of a fair trial" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

STATE v. COLE

[199 N.C. App. 151 (2009)]

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.) (footnotes omitted), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513, (1982)).

When a statute allows for conviction upon one of several purposes (*e.g.*, "for the purpose of facilitating the commission of robbery *or* flight after committing robbery"), it is error to instruct the jury on a purpose not supported by the evidence. *State v. Moore*, 74 N.C. App. 464, 467, 328 S.E.2d 864, 866 (1985), *modified on other grounds*, 315 N.C. 738, 340 S.E.2d 401 (1986). It is impossible to know whether the jury convicted on the unsupported purpose. *See Moore*, 315 N.C. at 739-40, 340 S.E.2d at 402-03.

Kawamie contends that there was no evidence of "flight after committing robbery." For the reasons previously stated, there was sufficient evidence of robbery to reach the jury. Additionally, the State presented evidence that Kawamie ran from the police and hid in the woods. We therefore hold that there was evidence of "flight after committing robbery" and that no plain error was committed.

Accordingly, we vacate the portion of the judgment referenced by 07 CRS 50874 regarding the first-degree kidnapping of Collins, and we remand the matter for resentencing. We hold no error with respect to the remainder of the judgment referenced by 07 CRS 50874 and the judgments referenced by 07 CRS 50869, 07 CRS 50871, 07 CRS 50872, 07 CRS 50873, and 07 CRS 50876.

No Error in part; Vacated in part; Remanded.

Judges WYNN and HUNTER, Jr., Robert N. concur.