STROUD, Judge.
Defendant appeals from the trial court's judgment entered upon a jury verdict finding her guilty of conspiracy to commit robbery with a dangerous weapon. We hold the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence.
On 20 February 2017, the State indicted defendant on charges of first-degree burglary, robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and three counts of second-degree kidnapping. The charges of first-degree burglary, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon were heard at a three-day trial from 30 August 2017 through 1 September 2017. The State dismissed the three counts of second-degree kidnapping on 7 September 2017.
The evidence at trial tended to show that on 31 December 2016, Jamie Smith[1] and her husband attended a party at defendant's home. The next day, defendant called Ms. Smith and inquired if she knew anything about $300 in cash and some drugs that had gone missing during the party. Ms. Smith told defendant she did not know anything about the missing money or drugs.
On the evening of 2 January 2017, Angie Walters and her daughter Mia Walters were in their home with Brian Clark and Jay Clark. The Walters and the Clarks lived in apartment "A" of a duplex, and Ms. Smith lived next door in apartment "B." Between 8:00 and 9:00 p.m. that evening, two men, one armed with a handgun, burst into the apartment shared by the Walters and the Clarks. The men ordered everyone into the living room and demanded to be told the location of a person they called "white boy" and "Scooby." Realizing that the men were asking about Ms. Smith's husband, Brandon told them he lived next door. Defendant entered the apartment shortly after the two men and told the men that they had the wrong apartment. Defendant sat down next to Angie and told her she wasn't going to let the men hurt them. The two men then left and broke into Ms. Smith's apartment. Defendant asked the others if they had their cell phones with them and told them to come outside to the back porch.
In Ms. Smith's apartment, the two men were yelling, asking where the money and drugs were and generally ransacking the apartment. The armed man grabbed Ms. Smith's infant son, put a gun to his head, and told her that, if she did not tell them where her husband was, they were going to hurt her and her son. Ms. Smith, however, had phoned 911 when she heard the commotion next door, and police arrived while the two men were in her apartment. Defendant told the men in Ms. Smith's apartment that the police had arrived, and they fled with items from Ms. Smith's home. The police chased after the two men, whereupon defendant fled. Officers captured one of the men, and defendant was subsequently arrested.
Defense counsel moved to dismiss all of the charges against defendant, but the trial court denied the motion. Defendant did not put on any evidence. The jury returned a guilty verdict on the charge of conspiracy to commit robbery with a dangerous weapon and verdicts of not guilty on the remaining charges. The court sentenced defendant to a term of 26 to 44 months' imprisonment, and defendant gave oral notice of appeal at the close of the proceedings.
Defendant's sole argument on appeal is that the trial court erred by denying her motion to dismiss the conspiracy charge, because the State failed to establish that she entered into an agreement to commit robbery with a dangerous weapon. Defendant is mistaken.
"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation and quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).
Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination , satisfy it beyond a reasonable doubt that the defendant is actually guilty.
Fritsch , 351 N.C. at 379, 526 S.E.2d at 455 (citations and quotation marks omitted). "This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
"A criminal conspiracy is an agreement between two or more people to do an unlawful act or to do a lawful act in an unlawful manner." State v. Morgan , 329 N.C. 654, 658, 406 S.E.2d 833, 835 (1991). "In order for a defendant to be found guilty of the substantive crime of conspiracy, the State must prove there was an agreement to perform every element of the underlying offense." State v. Dubose , 208 N.C. App. 406, 409, 702 S.E.2d 330, 333 (2010). The elements of the underlying offense of robbery with a dangerous weapon are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Cole , 199 N.C. App. 151, 156, 681 S.E.2d 423, 427 (2009) (citation and quotation marks omitted).
"Direct proof of [a conspiracy] charge is not essential, for such is rarely obtainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." State v. Whiteside , 204 N.C. 710, 712, 169 S.E. 711, 712 (1933). "[T]he State need not prove an express agreement; evidence tending to show a mutual, implied understanding will suffice. Nor is it necessary that the unlawful act be completed." Morgan , 329 N.C. at 658, 406 S.E.2d at 835 (citation omitted). However, "[w]hile conspiracy can be proved by inferences and circumstantial evidence, it cannot be established by a mere suspicion, nor does a mere relationship between the parties or association show a conspiracy." State v. Benardello , 164 N.C. App. 708, 711, 596 S.E.2d 358, 360 (2004) (citation and quotation marks omitted).
Here, the State's evidence established much more than a mere suspicion of a conspiracy or relationship between defendant and her co-conspirators. The State's evidence showed defendant knew Ms. Smith and had accused her and her husband of stealing money and drugs. Defendant followed the two men into the Walters' and Clarks' home and told them they had the wrong apartment, whereupon the two men broke into Ms. Smith's apartment next door. Defendant assured Angie Walters that she would not have let the two men hurt her, indicating she had control over the men's actions. The men threatened Ms. Smith and her infant with a handgun, endangering their lives, and took property from Ms. Smith's home. Defendant also maintained watch over the Walters and the Clarks while the men went into Ms. Smith's apartment, warned the men when the police arrived, and fled the scene after the officers gave chase to the men.
We hold the State's evidence points unerringly to the existence of a conspiracy between defendant and the two men to commit robbery with a dangerous weapon, and the trial court did not err in denying defendant's motion to dismiss.
NO ERROR.
Report per Rule 30(e).
Judges ZACHARY and BERGER concur.

Pseudonyms are used for the privacy of those involved.